UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIDGING COMMUNITIES, INC.,

    Plaintiff,

v.

    Case No. 09-14971
    Hon. Lawrence P. Zatkoff

TOP FLITE FINANCIAL, INC.,

    Defendant.
    _____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 3, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's motion to dismiss [dkt 5]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons, Defendant's motion to dismiss is GRANTED.

**II. BACKGROUND**

The facts of this case are uncomplicated. Plaintiff filed this lawsuit alleging that Defendant sent an unsolicited facsimile advertisement to Plaintiff's facsimile machine in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Plaintiff purports to bring this suit on behalf of itself and a class of all similarly-situated persons. Defendant contends that the Court

lacks subject-matter jurisdiction to entertain Plaintiff's TCPA claims and has moved to dismiss the complaint.

## III. LEGAL STANDARD

A motion challenging the basis for the Court's subject matter jurisdiction is brought under Fed. R. Civ. P. 12(b)(1). "When subject matter jurisdiction is challenged under Rule 12(b)(1) . . . the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). A Rule 12(b)(1) motion to dismiss will be granted only if, taking as true all facts alleged by the plaintiff, the Court is without subject matter jurisdiction to hear the claim. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## IV. ANALYSIS

The TCPA prohibits, *inter alia*, the use of "any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine[.]" 47 U.S.C. § 227(b)(1)(C). For violations of this provision, the Act prescribes the following private right of action:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.

*Id.* § 227(b)(3).

Until recently, the circuit courts consistently held that § 227(b)(3) did not authorize a private

2

cause of action in federal court. *See Murphey v. Lanier*, 204 F.3d 911 (9th Cir. 2000); *Foxhall Realty Law Offices, Inc. v. Telecomms. Premium Servs., Ltd.*, 156 F.3d 432 (2d Cir. 1998); *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513 (3d Cir. 1998); *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287 (11th Cir. 1998); *Int'l Science & Tech. Inst., Inc. v. Inacom Communications, Inc.*, 106 F.3d 1146 (4th Cir. 1997); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507 (5th Cir. 1997).

The Seventh Circuit, however, broke ranks with its sister circuits and held that the grant of authority to the state courts in § 227(b)(3) was not meant to be exclusive. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (2005). To support this conclusion, the panel cited a separate provision of the statute that explicitly provides for exclusive federal jurisdiction when a state brings a suit for repeated violations of the Act. *Id.* at 451. ("The contrast between § 227(f)(2) and § 227(b)(3) is baffling unless one provides exclusivity and the other doesn't.").

The reaction to *Brill* has been mixed. The Second Circuit agreed with *Brill* insofar as it held that federal courts enjoy diversity jurisdiction over private causes of action arising under the TCPA. *See Gottlieb v. Carnival Corp.*, 436 F.3d 335, 343 (2d Cir. 2006) (Sotomayor, J.). *Gottlieb* did not disturb that court's holding in *Foxhall*, in which it held that the TCPA did not present a federal question under 28 U.S.C. § 1331. *See also US Fax Law Ctr. v. iHire, Inc.*, 476 F.3d 1112, 1118 (10th Cir. 2007) (holding federal courts have diversity jurisdiction over TCPA claims).

In an unpublished pre-*Brill* opinion, a panel of this circuit described the lack of federal-question jurisdiction under the TCPA as "well-settled." *Dun-Rite Const., Inc. v. Amazing Tickets, Inc.*, No 04-3216, 2004 WL 3239533, at *2 (6th Cir. Dec. 16, 2004). On the other hand, a post-*Brill* panel opined, in a footnote, that "the existence or non-existence of federal-question jurisdiction over private TCPA claims is not a settled question." *See Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 627

3

n.2 (6th Cir. 2009). The *Charvat* court further noted that *Brill* and then-Judge Alito's dissent in *ErieNet* "raise serious questions about the majority view[,]" but the panel concluded that the issue was not before the court.[1] *Id*. Despite *Charvat*'s dicta, courts within the Sixth Circuit have generally adhered to the majority view that the TCPA does not provide for federal-question jurisdiction. *See Charvat v. NMP, LLC*, __ F. Supp. 2d ___, 2010 WL 1257590, at *2 (S.D. Ohio Mar. 31, 2010); *Machesney v. Lar-Bev of Howell*, No. 10-10085, 2010 WL 821932, at *3 (E.D. Mich. Mar. 4, 2010); *APB Assocs., Inc. v. Bronco's Saloon, Inc.*, No. 09-14959, 2010 WL 822195, at *3 (E.D. Mich. Mar. 4, 2010); *Bridge v. Ocwen Fed. Bank*, 669 F. Supp. 2d 853, 859 (N.D. Ohio 2009). *But see Hamilton v. United Health Group*, No. 3:08-CV-279, 2008 WL 4425958, at *4 (S.D. Ohio Sept. 22, 2008) (holding that TCPA case was properly removed to federal court because the statute did not expressly prohibit removal actions).

While some courts have determined that they may properly exercise diversity jurisdiction over TCPA claims, no circuit has joined *Brill* in regard to federal-question jurisdiction. Considering the clear majority opinion, the Sixth Circuit's statement in *Dun-Rite*, and the two post-*Charvat* decisions of this court (*Machesney* and *APB Associates*), the Court finds that it is precluded from exercising federal-question jurisdiction over Plaintiff's TCPA claims. *See Machesney*, 2010 WL 821932, at *3 ("The Sixth Circuit, when ultimately presented with this issue, may disagree with the majority view. Based on the authority that currently exists today, however, this Court is not persuaded that it may exercise federal-question jurisdiction over this action."). As Plaintiff has not

---

[1]*Charvat* was founded on diversity jurisdiction, and the panel assumed, without deciding, that it had jurisdiction to entertain a diversity action under the TCPA. *Id*. at 628. The court concluded that the plaintiff did not meet the amount-in-controversy requirement and affirmed the district court's dismissal. *Id*. at 632.

identified an alternative jurisdictional basis[2], its complaint must be dismissed.

## V. CONCLUSION

Accordingly, and for the above-stated reasons, IT IS HEREBY ORDERED that Defendant's motion to dismiss [dkt 5] is granted;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

                                                S/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: May 3, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 3, 2010.

                                                S/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290

---

[2] Plaintiff cannot invoke diversity jurisdiction under 28 U.S.C. § 1332 because both Plaintiff and Defendant are citizens of Michigan. In addition, Plaintiff has not advanced any jurisdictional argument based on its proposed class of plaintiffs.