# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRIDGING COMMUNITIES, INC.,

    Plaintiff,                                            Case No. 09-14971
                                                                   Hon. Lawrence P. Zatkoff

v.

TOP FLITE FINANCIAL, INC.,

    Defendant.

_____/

## OPINION AND ORDER
AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 17, 2013.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's putative class action complaint [dkt 37]. The parties have fully briefed the Motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument or additional briefing. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion to Dismiss is DENIED.

## II. FACTUAL BACKGROUND

The facts of this case are straightforward. Plaintiff filed this lawsuit alleging that on or about March 20, 2006, Defendant sent an unsolicited facsimile advertisement to Plaintiff's facsimile machine in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

Plaintiff purports to bring this suit on behalf of itself and a class of all similarly-situated persons, which according to Plaintiff is at least 39 other individuals.

### III. PROCEDURAL BACKGROUND

On December 22, 2009, Plaintiff filed a putative class action lawsuit against Defendant in this Court alleging violations of the TCPA. Defendant responded to Plaintiff's complaint on March 5, 2010, with a Motion to Dismiss that challenged the Court's subject-matter jurisdiction on the basis that federal courts cannot entertain private TCPA claims under 28 U.S.C. § 1331. On May 3, 2010, the Court granted Defendant's Motion to Dismiss and dismissed Plaintiff's case without prejudice. On May 18, 2010, Plaintiff appealed the dismissal to the United States Court of Appeals for the Sixth Circuit.

While the current case was pending in the Sixth Circuit, the United States Supreme Court ("Supreme Court"), on June 27, 2011, agreed to accept review of the United States Court of Appeals for the Eleventh Circuit's decision in *Mims v. Arrow Financial Services, LLC*. *See Mims v. Arrow Fin. Servs., LLC*, 421 F. App'x 920 (11th Cir. 2010), cert. granted, 131 S. Ct. 3063 (U.S. June 27, 2011) (No. 10-1195). The issue to be addressed in *Mims* was whether or not federal jurisdiction existed for private causes of action under the TCPA. *See Mims v. Arrow Fin. Servs. LLC*, 131 S. Ct. 740, 747 (2012) ("We granted certiorari . . . to resolve a split among the Circuits as to whether Congress granted state courts exclusive jurisdiction over private actions brought under the TCPA."). The Supreme Court set oral argument for November 28, 2011.

On November 17, 2011, the Sixth Circuit reversed and remanded the instant case to this Court for further proceedings, concluding that it was bound to follow *Charvat v. Echostar, LLC*, 630 F.3d 459 (6th Cir. 2010), which, at that time, was a recent decision holding that federal courts have

federal question jurisdiction over private TCPA claims.[1] On remand, this Court *sua sponte* stayed this case on November 21, 2011, pending the Supreme Court's decision in *Mims*, *supra*.

On January 18, 2012, the Supreme Court issued its opinion in *Mims* and held that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA. *See Mims*, 132 S. Ct. at 753. Accordingly, this Court lifted the stay on this case on January 23, 2012.

On August 13, 2012, Defendant filed the instant Motion to Dismiss alleging that Plaintiff has failed to state a claim upon which relief may be granted.

## IV. STANDARD OF REVIEW

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *Id.* at 556. *See also Ashcroft v. Iqbal*,

---

[1] "[W]e are bound by *Echostar* unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *Bridging Communities Inc. v. Top Flight Fin. Inc.*, 446 Fed. App'x 764 (6th Cir. 2011) (citations omitted).

556 U.S. 662, 696–97 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).

## V. ANALYSIS

Plaintiff brings this putative class action against Defendant alleging that Defendant sent unsolicited facsimile advertisements to Plaintiff and 39 other similarly-situated individuals in violation of the TCPA. Defendant's Motion seeks dismissal of Plaintiff's suit on three grounds: (1) that Plaintiff failed to meet certain conditions precedent necessary under Michigan law to pursue a private TCPA claim; (2) that Plaintiff's claim is untimely and barred by the applicable Michigan statute of limitations; and (3) that TCPA class action lawsuits are precluded by the Michigan Court Rules.

### A. The Telephone Consumer Protection Act

The TCPA prohibits the use of "any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement," unless certain statutory exceptions apply. 47 U.S.C. § 227(b)(1). An "unsolicited advertisement" is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." *Id.* at § 227(a)(4). The TCPA gives private parties standing to enforce this prohibition: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State [an action for an injunction or monetary damages]." *Id.* at § 227(b)(3).

4

**B. Defendant's Arguments to Dismiss Plaintiff's Class-Action Complaint**

Defendant's entire Motion is premised on the argument that the TCPA's language, "if otherwise permitted by the laws or rules of court of a State," expressly conditions the viability of a private cause of action under the TCPA on the laws and or court rules of Michigan. In other words, Defendant argues, a complainant cannot bring a private TCPA claim if that claim is precluded by Michigan substantive or procedural law. The Court will now address the merits of Defendant's Motion.

**1. Michigan Statutory Law Does Not Control the Outcome of this Case**

Defendant first argues that, based on the TCPA's "if otherwise permitted" language, the Court must apply—instead of federal law—the Michigan statutes which (1) prohibit unsolicited facsimile advertisements, *see* Mich. Comp. Laws § 445.1772,[2] and (2) require certain conditions to occur prior to commencing a private TCPA action, *see* Mich. Comp. Laws § 445.1776.,[3]

---

[2] Mich. Comp. Laws § 445.1772(1) provides: "[a] person shall not send an advertisement to another person by means of a facsimile machine without first obtaining, by means other than by a facsimile machine, the consent of the person who will receive the advertisement."

[3] Mich. Comp. Laws § 445.1776 provides:

> A person who receives an advertisement in violation of this act may file a civil suit in the court of proper jurisdiction to recover actual damages or $500.00, whichever is greater, plus reasonable attorney fees, if any of the following occurred before the person received the advertisement:
>
> (a) the attorney general issued a notice to cease and desist under section 31 to the person who sent the advertisement;
>
> (b) the person who sent the advertisement entered into an assurance of discontinuance under section 4.2; or
>
> (c) the person notified the sender in writing that the sender did not have the person's consent to send an advertisement.

respectively. While neither the Sixth Circuit nor the Supreme Court has squarely addressed this issue, the Supreme Court's recent decision in *Mims*, *supra*, is persuasive evidence that Defendant's argument is baseless.

In support of its position, Defendant directs the Court's attention to two cases decided in the Second Circuit. *See Giovanniello v. ALM Media, LLC*, 660 F.3d 587 (2nd Cir. 2011), *vacated*, 133 S. Ct. 159 (2012); *Holster v. Gatco, Inc.*, 618 F.3d 214 (2nd Cir. 2010). In both *Giovanniello* and *Holster*, the Second Circuit focused on the TCPA's congressional findings to determine that the TCPA's "if otherwise permitted" language has a literal interpretation: Congress afforded the states considerable power to determine what causes of action lie under the TCPA and, therefore, such an action cannot be brought if it is precluded by state law. According to Defendant, Plaintiff failed to state a plausible claim for relief because it did not, as required by Mich. Comp. Laws § 445.1776, fulfill any of the listed conditions before filing its TCPA suit.

Defendant's use of these cases, however, fails for two reasons. First, Defendant fails to note that *Giovanniello* has since been vacated by the Supreme Court and remanded to the Second Circuit for further consideration in light of *Mims*. *See Giovanniello v. ALM Media, LLC*, 133 S. Ct. 159 (2012). Second, the basis on which the *Holster* court relied for its holding, namely, its interpretation of Congress' intent behind its enactment of the TCPA, was viewed as flawed and effectively rejected by *Mims*, as explained more fully below.

Though the issue in *Mims* was not identical to the one presently before this Court, the discussion in that opinion undermines Defendant's argument that the previously-mentioned Michigan statutes are applicable here.[4] In *Mims*, the Supreme Court resolved the much-debated

---

[4] *See supra* notes 2 and 3.

6

issue of whether the TCPA's "if otherwise permitted" language intimated a congressional desire to create a private right of action enforceable exclusively in state courts. 132 S.Ct. at 744. The Supreme Court unanimously concluded that states are not the sole arbiters of private TCPA actions, instead holding that federal and state courts enjoy concurrent jurisdiction over such actions. *Id.* at 745.

To support its finding of concurrent federal and state jurisdiction, the Supreme Court discussed and ultimately rejected that Congress intended for the TCPA "only to fill a gap in the States' [interstate] enforcement capabilities," *see id.* at 751, a presumption on which the *Holster* decision was grounded, *see Holster*, 618 F.3d at 2167. Rather, according to the *Mims* Court, Congress "enacted detailed, uniform, federal substantive prescriptions" and TCPA liability thus "depends on violation of a federal statutory requirement or an FCC regulation[,] not on a violation of any state substantive law." *Mims*, 132 S. Ct. at 751. And in further contravention of *Holster's* view that the TCPA's legislative history favors state enforcement, the Supreme Court noted that, "Congress' design would be less well served if consumers had to rely on 'the laws or rules of court of a State' . . . to gain redress for TCPA violations." *Id.* The Supreme Court thus concluded: "[F]ederal law gives rise to the claims for relief . . . and specifies the substantive rules of decision." *Id.* at 753.

In light of *Mims*, a growing number of lower courts have interpreted the text of TCPA § 227(b)(3) (*i.e.*, the "otherwise permitted language") as not obliging federal courts to follow state law when entertaining these private actions. *See, e.g.*, *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, Civ. No. 11-00011, 2012 WL 49032697, *7 (D. N.J. Oct. 17, 2012); *Jackson's Five Star Catering v. Beason*, No. 10-10010, 2012 WL 3205526, *4 (E.D. Mich. July 26, 2012); *Am. Copper & Brass, Inc. v. Lake City Indust. Prods.*, No. 1:09-CV-1162, 2012 WL 3027953, *2 (W.D.

Mich. July 24, 2012); *Hawk Valley, Inc., v. Taylor*, No. 10-CV-00804, 2012 WL 1079965, *10 (E.D. Pa. Mar. 30, 2012).

Based on *Mims*, this Court is persuaded that there is nothing in the text of TCPA § 227(b)(3) that supplants the supremacy of federal courts enforcing federal law. The *Holster* court's reasoning and holding, which would empower states to enforce the TCPA in federal courts, appears to be greatly undermined in the face of the *Mims* opinion. Defendant's first argument that this Court should apply Michigan law, specifically, Mich. Comp. Laws §§ 445.1772 and 445.1776, to find that Plaintiff did not satisfy the required conditions before pursuing its private TCPA claim is rejected. As recounted in *Mims*, "federal law . . . specifies the substantive rules" to follow. *See Mims*, 132 S.Ct. at 753. Therefore, the Court denies Defendant's Motion on this ground.

### 2. Michigan's Statute of Limitations Is Not Controlling

Defendant next argues, as somewhat of an extension of its first argument, that the TCPA's "if otherwise permitted" language can be interpreted to invoke a state's statute of limitations. Relying again on *Giovanniello*, Defendant claims that Michigan's statute of limitations should apply here. If Michigan's statute of limitations did govern, Defendant argues, Plaintiff's claim would likely be barred because it was filed more than three years after the claim accrued.[5] The Court is unpersuaded by Defendant's second argument.[6]

---

[5] Defendant asserts that M.C.L.A. § 600.5805(10) is the appropriate statute of limitations in this case because the injury here—receiving an unsolicited facsimile—can be considered an injury to a person or property. Under that statute, the period of limitations is three years after the time of injury to the person or property. Thus, according to Defendant's theory, because Plaintiff's claim accrued on March 26, 2006—the date the alleged facsimile was sent—and the complaint was not filed until December 22, 2009, its TCPA claim is barred.

[6] The Court notes that Plaintiff did not address this argument in its response brief to Defendant's Motion to Dismiss. Nonetheless, the Court, in the interests of justice, rejects Defendant's statute of limitations argument for the reasons stated in this Opinion.

8

First, as already recounted, the *Giovanniello* decision was recently vacated and remanded by the Supreme Court. Notably, the precise issue raised and decided in *Giovaniello*—whether a state's statute of limitations applies to private TCPA claims in federal court, which the Second Circuit answered affirmatively—is the same issue before this Court. The Supreme Court's decision to vacate and remand *Giovanniello* in light of *Mims* certainly calls into question its continued viability and, although Second Circuit cases can be considered as persuasive authority, this Court is not inclined to follow such cases.

Second, Plaintiff's private TCPA claim is subject to the federal four-year "catch-all" statute of limitations—not Michigan's analog statute—and is, therefore, timely. *See* 28 U.S.C. § 1658. As further detailed below, Defendant's desire to have the Michigan statute of limitations apply here is foreclosed, again, by the discussion in the *Mims* opinion.

Section 1658(a) provides in pertinent part that, "[e]xcept as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues." 28 U.S.C. § 1658(a) (enacted Dec. 1, 1990). The Supreme Court has held that "a cause of action arises under an Act of Congress enacted after December 1, 1990—and is therefore governed by §1658's 4-year statute of limitations—if the plaintiff's claim against the defendant was made possible by a post-1990 enactment." *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). Congress enacted the TCPA on December 20, 1991, more than one year after § 1658 became effective, and, as such, the federal four-year limitations period applies to Plaintiff's TCPA claim, "[e]xcept as otherwise provided by law." *See* 28 U.S.C. § 1658(a). Accordingly, the inquiry becomes whether the TCPA is such an exception to § 1658.

9

Though this inquiry precipitated disagreement among federal courts, the Supreme Court's decision in *Mims* suggests that the TCPA's language should not function as a vehicle that overrides § 1658. Notably, when finding that the "if otherwise permitted" language was not Congress' attempt to "expressly, or by fair implication divest[]" the federal courts of federal question jurisdiction, the Supreme Court stated that "Congress knew full well how to grant exclusive jurisdiction with mandatory language" while drafting the TCPA. *See Mims*, 132 S. Ct. at 751 (citations omitted) (explaining that when TCPA actions are brought by State Attorneys General, federal courts have exclusive jurisdiction as provided in § 227(g)(2), and further noting that § 227(b)(3), on the other hand, is silent with respect to exclusivity). That same rationale is relevant in the instant case.

Congress enacted the TCPA in December 1991 undoubtedly knowing that it had enacted § 1658 the previous year, and that § 1658 provided a four-year limitations period for civil actions arising under an Act of Congress enacted after December 1, 1990. Using the reasoning of *Mims*, if Congress intended to require states to supply the limitations periods for private TCPA actions in federal court in lieu of §1658's four-year limitations period, then Congress could have unambiguously drafted the TCPA to reflect this intention. The TCPA, however, provides no such direction.

Moreover, a plain reading of the *Mims* opinion reveals that the Supreme Court viewed the "if otherwise permitted" language as simply allowing states to decide whether or not to entertain private TCPA claims in *their* courts, an option that normally would be foreclosed by the Supremacy Clause. *See Mims*, 132 S. Ct. at 751 ("[B]y providing that private actions may be brought in state court 'if otherwise permitted by the laws or rules of court of [the] State,' . . . Congress arguably gave States leeway they would otherwise lack to 'decide for [themselves] whether to entertain claims under the [TCPA].'") (citation omitted).

10

For the foregoing reasons, Defendant's argument that Michigan's statute of limitations applies and acts to bar Plaintiff's claim is without merit. This Court cannot conclude, in light of *Mims*, that the TCPA's "if otherwise permitted" language of § 227(b)(3) requires displacement of the federal four-year limitations period provided in 28 U.S.C. § 1658.

### 3. Michigan's Court Rule Governing Class Actions Is Not Applicable

Defendant's third, and final, argument advanced in its Motion touches on the issue of the Court's subject-matter jurisdiction. Defendant argues that, based on the TCPA's "if otherwise permitted" language, the Michigan Court Rules govern the requested certification of Plaintiff's proposed class members. To bolster its argument, Defendant again cites to *Holster*.

Defendant argues that Michigan Court Rule ("MCR") 3.501(A)(5) prohibits Plaintiff from maintaining its private TCPA claim as a class action. MCR 3.501(A)(5) provides: "An action for a penalty or minimum amount of recovery without regard to actual damages imposed or authorized by statute may not be maintained as a class action unless the statute specifically authorizes its recovery in a class action." Because (1) a claimant under the TCPA can recover "a penalty or minimum amount . . . without regard to actual damages" and (2) the TCPA does not "specifically authorize[] . . . recovery in a class action", Defendant asserts that Plaintiff's private TCPA claim is not "otherwise permitted" by MCR 3.501(A)(5).

Defendant's last argument is unavailing. The Court has already concluded in sections B.1 and 2, *supra*, that the *Mims* opinion undermines the reasoning on which *Holster* is grounded based on one common theme: the Supreme Court rejected the notion that Congress intended for the TCPA "only to fill a gap" in the States' capabilities and ultimately concluded that "federal law gives rise to claims for relief" under the TCPA.

11

Similarly, Defendant's final reliance on *Holster* as support for applying MCR 3.501(A)(5) is also fatal and fails because the Supreme Court has made it transparent that federal law governs. Moreover, absent an expression by Congress to the contrary, Fed. R. Civ. P. 23 governs whether a suit in federal court may proceed as a class action. *See* Fed. R. Civ. P. 1, 23; *see Califano v. Yamasaki*, 442 U.S. 682, 700 (1979) (finding that Rule 23, like the rest of the Federal Rules of Civil Procedure, automatically applies in "all civil cases and proceedings in the United States district courts"); *see also Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431 (2010) (favoring Rule 23 to govern class actions in federal court unless there is a congressional exception). Congress has made no such expression. In short, Rule 23 governs Plaintiff's requested class certification here.

## VI. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [dkt 37] is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
HON. LAWRENCE P. ZATKOFF
U.S. DISTRICT COURT JUDGE

Dated: January 17, 2013

12