UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIDGING COMMUNITIES, INC.,

    Plaintiff,

v.

TOP FLITE FINANCIAL, INC.,

    Defendant.
_____/

Case No. 09-14971
Hon. Lawrence P. Zatkoff

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 3, 2013.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Class Certification [dkt 47].[1] The Motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument or additional briefing. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted. For the reasons set forth below, Plaintiff's Motion for Class Certification is DENIED.

---

[1] The Court consolidated the instant matter with case no. 12-13902 on May 30, 2013. In case no. 12-13902, plaintiff filed a Motion to Certify Class, similar to the one currently at issue in the instant Opinion and Order. Due to the factual similarities of both motions, the Court's Opinion and Order applies to both motions.

## II. BACKGROUND[2]

Plaintiff has filed a putative class action against Defendant for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA makes it unlawful to "use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). Plaintiff alleges that on March 20, 2006, Defendant sent Plaintiff an unsolicited advertisement by facsimile promoting Defendant's residential mortgage business in violation of the TCPA. Plaintiff further alleges that on March 20 and 30, 2006, Defendant sent the same unsolicited facsimile to 4,271 other persons and/or Michigan businesses through a third-party fax broadcaster in New York—Business to Business Solutions ("B2B")—in violation of the TCPA. Plaintiff now asks the Court to certify the following class:

> All persons sent one or more faxes in March 2006 from "Top Flight Financial" offering "0 Down, 0 Closing Costs" for "Mortgages" on "Purchases/ReFinancing," and identifying (718) 360-0971 as a "Remove Hotline" telephone number.

## III. LEGAL STANDARD

"A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). When reviewing a motion for class certification, the Court must conduct a "rigorous analysis" of the requirements under Rule 23. *Sprague v. General Motors Corp*, 133 F.3d 388, 397 (quoting *General Telephone Co. of the Southwest v. Falcon,* 457 U.S. 147, 161 (1982)). Frequently that "'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart*, 131 S. Ct. at 2551-52. The Court is not bound to accept the allegations on the face of the complaint as true, and should probe further into the facts when necessary to determine whether these requirements have been met.

---

[2] For an extensive discussion of this case's procedural history, the Court refers the parties to its January 17, 2013, Opinion and Order, denying Defendant's Motion to Dismiss. *See* Dkt. # 61, pp. 2–3.

*Weathers v. Peters Realty Corp.,* 499 F.2d 1197, 1200 (6th Cir. 1974) ("[O]rdinarily, the determination should be predicated on more information than the pleadings will provide."). "The district court retains broad discretion in determining whether an action should be certified as a class action, and its decision, based upon the particular facts of the case, should not be overturned absent a showing of abuse of discretion." *See Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988).

## IV. ANALYSIS

To proceed with a class action, Plaintiff must satisfy the requirements set forth in Fed. R. Civ. P. 23(a) and (b). Rule 23(a) authorizes one or more members of a class to bring suit as a representative for the class if the following four requirements are met:

1) the class is so numerous that joinder of all members is impracticable;

2) there are questions of law or fact common to the class;

3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

4) the representative parties will fairly and adequately protect the interests of the class.

*See* Fed. R. Civ. P. 23(a).

Moreover, at least one of the three distinct elements of Rule 23(b) must also be satisfied. In this case, Plaintiff seeks to proceed under Rule 23(b)(3), which requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy". Fed. R. Civ. P. 23(b)(3).

While making no determinations as to the satisfaction of the requirements in Rule 23(a), the Court's analysis begins with—and ultimately turns on—application of Rule 23(b)(3). Plaintiff "must establish that 'the issues in the class action that are subject to generalized proof, and thus applicable to the

3

class as a whole . . . predominate over those issues that are subject only to individualized proof.'" *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 564 (6th Cir. 2007) (citations omitted). "[C]ommon issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damage issues." *Id.* (citation and internal quotation marks omitted).

Here, Plaintiff seeks certification of a class comprising itself and 4,271 persons and/or Michigan businesses that received facsimile transmissions from Defendant on March 20 and 30, 2006. Liability under the TCPA exists only if the transmissions were "unsolicited advertisements". *See* 47 U.S.C. § 227(a) and (b). The TCPA defines "unsolicited advertisement" to mean "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5). Notably, the statute does not designate to whom invitation or permission must be given. Logically, then, if consent is extended to the transmitter of the facsimile, the third-party provider from which contact information is purchased, or the advertiser of the products or services, the statute would not be violated.

Fatal to Plaintiff's Motion is the fact that the Court fails to find that common issues predominate over the individualized issues under Rule 23(b)(3). The factual core of this case is not whether Defendant sent facsimile transmissions but, rather, whether each of the *individual* class members solicited the facsimiles. In other words, because the claim of each class member is inherently *individualized*, determining liability would require investigation of the factual circumstances of each person or business that received a facsimile transmission from Defendant. *See Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 404 (E.D. Pa. 1995) ("The transmissions to each plaintiff would necessarily occur in different places, at different times and under differing circumstances. Given the individual proof necessary to establish liability, the commonality requirement cannot be met."). Thus, the Court is not persuaded that the instant

issues are subject to generalized proof, *see Beattie*, 511 F.3d at 564, and will exercise its discretion to deny Plaintiff's request for class certification, *see Sterling*, 855 F.2d at 1197.

Plaintiff cites to the affidavit of Caroline Abraham ("Abraham") to support its assertion that none of the purported class members gave consent to receive Defendant's facsimile. Abraham operated B2B—the third-party fax broadcaster that Defendant utilized. In her affidavit, Abraham testified that B2B would generally purchase database information, or "fax lists", from InfoUSA.[3] These fax lists would contain a variety of information about United States companies, including fax numbers and contact persons. Abraham testified that B2B "did not contact any of those companies or persons to ask them for express permission or invitation to receive fax advertisements" before sending the facsimile. Thus, as Plaintiff would have it, Abraham's testimony establishes that the facsimiles sent to the proposed class members here must have uniformly been unsolicited because B2B employed a common practice of not seeking permission before issuing such facsimiles.

The Court finds Plaintiff's argument misplaced. First, the Court's review of Abraham's affidavit reveals that she testified about B2B's practices in a generalized nature. To be sure, Abraham's affidavit mentions nothing regarding the consent—or lack thereof—of the persons and/or businesses included in Plaintiff's proposed class. Rather, she testified only about the process through which B2B purchases database information from InfoUSA and that, generally speaking, B2B did not first seek the consent of those companies or persons prior to sending a facsimile on behalf of its (*i.e.*, B2B's) customers, like Defendant. Second, and more importantly, even assuming that B2B did not obtain "express invitation or permission" from any of the proposed class members, that certainly does not foreclose the possibility that some of those members gave consent to Defendant and or InfoUSA prior to receiving the facsimiles now at issue. The Court therefore finds Plaintiff's argument without merit.

---

[3] InfoUSA compiles, updates, and sells business databases.

Plaintiff also cites to several cases in which motions for class certification have been granted under facts similar to the instant case. *See, e.g.*, *Jackson's Five Star Catering, Inc. v. John R. Beason d/b/a Tax Connection World*, No. 10-10010, 2012 WL 3205526 (E.D. Mich. July 26, 2012) and *Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.*, No. 10-10620, 2010 WL 5439737 (E.D. Mich. Dec. 27, 2010). Yet, other courts have held that such similar actions are not appropriate for class certification given the individualized nature of the alleged violations. *See, e.g.*, *Levitt v. Fax.com*, No. WMN-05-949, 2007 WL 3169078, at *3 (D. MD. May 25, 2007) ("It is this need to make a determination for each class member as to whether the facsimile transmission was unsolicited, both by the lack of express permission and by the absence of a prior business relationship, that makes class treatment of this action inappropriate and unmanageable."); *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162 (S.D. Ind. 1997); *Forman*, 164 F.R.D. at 404 ("A class action would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements.").

The Sixth Circuit has not weighed in on the availability of class certification in TCPA claims under the circumstances of this case, and Plaintiff has not presented any precedential authority that conflicts with this Court's decision. Accordingly, for the reasons stated *supra*, the Court denies Plaintiff's Motion for Class Certification.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Class Certification [dkt 47] is DENIED.

IT IS FURTHER ORDERED that the Motion to Certify Class pending from case no. 12-13902 is DENIED for the reasons stated in this Opinion and Order.

IT IS SO ORDERED.

                                                    s/Lawrence P. Zatkoff
                                                  Hon. Lawrence P. Zatkoff
                                                  U.S. District Judge

Dated: June 3, 2013