IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIDGING COMMUNITIES, INC.,
a Michigan corporation, and GAMBLE
PLUMBING & HEATING, INC.,            Case No.: 2:09-cv-14971
a Michigan corporation,              Hon. Avern Cohn

       Plaintiffs,

v.

TOP FLITE FINANCIAL, INC.

       Defendant,

_____/

## DEFENDANT'S MOTION FOR LEAVE TO DEPOSIT FULL SETTLEMENT OFFER AND/OR FULL PAYMENT OF MONEY JUDGMENTS WITH THE COURT PURSUANT TO FED. R. CIV. P. 67; 28 U.S.C. §2041 AND 28 U.S.C. §2042

NOW COMES Top Flite Financial, Inc. ("Top Flite") by its attorneys, LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C., and states the following in support of its Motion for Leave to Deposit Full Settlement Offer and/or Full Payment of Money Judgments with the Court Pursuant to Fed. R. Civ. P. 67; 28 U.S.C. §2041 and 28 U.S.C. §2042.

The factual and legal support for this Motion are set forth in the accompanying Brief in Support.

Pursuant to LR 7.1(a), counsel for Top Flite contacted counsel for Bridging and Gamble and communicated the relief sought in this Motion and the basis

therefore.  Top Flite requested concurrence in this Motion from opposing counsel on February 29, 2016, which opposing counsel refused.

**WHEREFORE,** Top Flite respectfully requests for this Honorable Court to grant the Motion and provide the relief as requested at the conclusion of the accompanying Brief in Support.

Respectfully submitted,

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.


By:     /s/ Shawn Grinnen
        KAREN A. SMYTH (P43009)
        SHAWN Y. GRINNEN (P62569)
        Attorneys for Top Flite Financial
        3910 Telegraph Road, Suite 200
        Bloomfield Hills, Michigan 48302
        (248) 593-5000
        ksmyth@lipsonneislon.com
        sgrinnen@lipsonneilson.com

Dated: March 2, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIDGING COMMUNITIES, INC.,
a Michigan corporation, and GAMBLE
PLUMBING & HEATING, INC.,                    Case No.: 2:09-cv-14971
a Michigan corporation,                      Hon. Avern Cohn

       Plaintiffs,

v.

TOP FLITE FINANCIAL, INC.

       Defendant,

_____/

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO DEPOSIT FULL SETTLEMENT OFFER AND/OR FULL PAYMENT OF MONEY JUDGMENTS WITH THE COURT PURSUANT TO FED. R. CIV. P. 67; 28 U.S.C. §2041 AND 28 U.S.C. §2042

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ........................................................................ ii

ISSUE PRESENTED ................................................................................ iii

I.    INTRODUCTION................................................................................ 1

II.   PERTINENT FACTUAL AND PROCEDURAL HISTORY ......................... 2

      A.    The Complaints.......................................................................... 2
      B.    The Denial of Class Certification and Interlocutory Appeal................. 3
      C.    The Offers of Judgment .............................................................. 4
      D.    Motion to Dismiss and Motion for Summary Judgment...................... 4

III.  ARGUMENT ...................................................................................... 6

      A.    IT IS UNREASONABLE FOR PLAINTIFFS TO REFUSE
            THE TENDER AND VOLUNTARY PAYMENT OF THE
            DAMAGES AND/OR MONEY JUDGMENTS. THIS COURT
            SHOULD EXERCISE ITS DISRETION AND ALLOW TOP
            FLITE TO DEPOSIT FULL PAYMENT OF THE
            CLAIMS/JUDGMENTS WITH THE COURT CLERK ...................... 6

IV.   CONCLUSION ................................................................................. 10

## <u>INDEX OF AUTHORITIES</u>

### <u>Cases:</u>

*City of Cookeville v. Upper Cumberland Elec. Membership Corp.*,
484 F.3d 380, 394 (6th Cir.2007)................................................................ 7

*Cordero v. De Jesus-Mendez*,
922 F.2d 11, 15-19 (1st Cir. 1990)............................................................ 6

*Griggs v. Provident Consumer Disc. Co.*,
459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) .......................... 7

*Kotsopoulos v. Asturia Shipping Co.*,
467 F.2d 91, 94 (2nd Cir. 1972) ................................................................ 6

*Shaver Transportation Co. v. Chamberlain*,
399 F.2d 893, 895 (9th Cir. 1968)............................................................. 7

*United States v. Hitchmon*,
587 F.2d 1357 (5th Cir. 1979) .................................................................. 7

*US Overseas Airlines, Inc v. Compania Aerea Viajes*,
161 F.Supp. 513, 516 (S.D.N.Y.1958)................................................. 7, 10

### <u>Statutes/Court Rules:</u>

Fed. R. Civ. P. 23(f) ................................................................................. 3
Fed. R. Civ. P. 56 ..................................................................................... 4
Fed. R. Civ. P. 67 ................................................................................. iii, 1
LR 67.1(a)................................................................................................. 7
28 U.S.C. §1961(b)................................................................................... 9
28 U.S.C. §2041 .................................................................................. iii, 1
28 U.S.C. §2042 .............................................................................. 1,7, 10
47 U.S.C. §227 ......................................................................................... 2

## <u>ISSUE PRESENTED</u>

1.    Whether this Court should allow Defendant Top Flite Financial, Inc. to pay certified funds into the Court Clerk pursuant to Fed. R. Civ. Pro 67 and 28 U.S.C. §2041 sufficient enough to pay Plaintiffs' claims and/or judgments, with interest, that were entered on April 27, 2015, and then have the record reflect that the judgments have been paid in full.

Counsel for Top Flite Financial, Inc. answers "Yes."

Counsel for Plaintiffs answers "No."

## I.   **INTRODUCTION**

Plaintiffs Bridging Communities, Inc. ("Bridging") and Gamble Plumbing & Heating, Inc. ("Gamble") obtained judgments against Top Flite on April 27, 2015. Top Flite has attempted to voluntarily pay each Plaintiff on their respective judgments by tendering full payment on the judgments on June 15, 2015. Plaintiffs' counsel returned the payments to Top Flite's counsel via cover letter dated November 30, 2015.

It is unreasonable for Plaintiffs to refuse Top Flite's voluntary payment of the claims and/or judgments. Doing so unreasonably exposes Top Flite to unnecessary collection efforts (ie., garnishments, seizure of personal property, etc.), continuing accrual of interest on the money judgments, and has delayed Top Flite's application to conduct business in other states due to the outstanding judgments.

Top Flite now requests for this Honorable Court to grant the motion and permit Top Flite to pay the following certified funds into the Court Clerk pursuant to Fed. R. Civ. Pro. 67; 28 U.S.C. §2041 and 28 U.S.C. §2042:

> (a) $1,550, as well as the interest on the judgment accruing at 1 cent per day from April 27, 2015 until the date the monies are paid into the Court Clerk, in satisfaction of Bridging Communities Inc.'s claims and/or Judgment, and

> (b) $1,550, as well as the interest on the judgment accruing at 1 cent per day from April 27, 2015 until the date the monies are paid into the

1

Court Clerk, in satisfaction of Gamble Plumbing & Heating, Inc.'s claims and/or Judgment.

In addition, Top Flite also requests for the Court's Order to direct the Court Clerk to have the record reflect satisfaction of the judgments after it has received the above payments.

## II.  **PERTINENT FACTUAL AND PROCEDURAL HISTORY**

### A.   **The Complaints**

Bridging filed its one count Complaint on its own behalf, and on behalf of a putative class, on December 22, 2009 (DK#1). Bridging's lawsuit alleges that Appellee violated the Telephone Consumer Protection Act, 47 U.S.C. §227 (the "TCPA"), on or about March 20, 2006, when it allegedly sent an unauthorized facsimile advertisement to Bridging and other members in the putative class. *Id.* at 10-12. Gamble was one of the putative class members in the Bridging lawsuit.

While the Bridging lawsuit was pending, counsel for Bridging filed a second Complaint on September 4, 2012 on behalf of Gamble, individually and on behalf of the same putative class that Bridging's lawsuit sought to protect.   On September 5, 2014, Gamble's lawsuit was assigned to Honorable David M. Lawson. (Complaint filed in Case No. 12-13902, DK#1)(The lawsuit also alleges one count for violations of the TCPA, which violations occurred on or about March 20, 2006, when Defendant allegedly sent an unauthorized facsimile advertisement to Gamble and others in the putative class). On September 5, 2012 counsel for Gamble filed a

2

Motion for Class Certification in Case No. 12-13902. (Motion filed in Case No. 12-13902, DK#3). Top Flite discovered the filing and filed a Motion to Consolidate, or Dismiss and for Sanctions relating to this filing in the Bridging action (Motion, DK#42). Top Flite's Motion went unopposed and, the district court entered an order on May 30, 2013, consolidating the two above-referenced matters into Case No.: 09-14971 (Order, DK#63).

### B.    The Denial of Class Certification and Interlocutory Appeal

On July 12, 2012, this Court entered an Order granting discovery and set a deadline of October 15, 2012 for a motion on the issue of class certification (DK#32). Bridging and Gamble filed their Motion for Class Certification on October 15, 2012 (DK#42). On June 3, 2013, this Court denied both Bridging's and Gamble's motion's for class-certification (DK#65).

On October 23, 2013, the Sixth Circuit Court of Appeals rejected Plaintiffs' request for an immediate appeal under Fed. R. Civ. P. 23(f) on the class certification issue (DK#66). From and after October 23, 2013, the only remaining claims in the case were those individual claims being asserted by Bridging and Gamble under the TCPA. None of the putative class members sought to timely intervene in the case or file their own action after this Court denied class certification.

3

### C.    The Offers of Judgment

On February 10, 2014, Top Flite made offers of judgment to both Bridging and Gamble, which offers were to make them both more than whole on their individual TCPA claims.  They failed to respond to the offers. Top Flite believed the entire case to be moot at that point in time as Top Flite was ready, able, and willing to pay the offered monies and other relief.

### D.    Motion to Dismiss and Motion for Summary Judgment

On March 6, 2014, Top Flite filed its Motion to Dismiss pursuant to Rule 12(b)(1) for Lack of Subject Matter Jurisdiction and/or Mootness (DK#70).  Top Flite also filed a Motion for Summary Judgment under Fed. R. Civ. P. 56 (DK#77) on June 6, 2014 (ie., on the dispositive motion filing cut-off date) because no decision had yet been issued on the Motion to Dismiss. While these dispositive motions were pending, the Honorable  Lawrence P. Zatkoff sadly passed away. The case was reassigned to the Honorable Avern Cohn on or February 12, 2015.

After several status conferences, and dispensing with oral argument on either of the dispositive motions, the Hon. Avern Cohn granted Top Flite's Motion to Dismiss on April 27, 2015, finding moot Top Flite's Motion for Summary Judgment (Order, DK#91, Page ID 1760-1763). On that same date, this Court entered separate Judgments in favor of each Plaintiff. Each of the Judgments granted, *inter alia*, an injunction, as well as an award of money damages in the

4

amount of One Thousand Five Hundred Fifty ($1,550.00) Dollars (DK#92 & DK#93).

On May 13, 2015, Plaintiffs filed their Notice of Appeal. *The only issue raised in Plaintiffs' appeal to the 6th Circuit Court of Appeals concerns the district court's denial of class certification* (**Ex. A:** Issue Presented on Appeal page). On June 15, 2015, Defendant unconditionally tendered two checks from the undersigned's client trust account for One Thousand Five Hundred Fifty ($1,550.00) Dollars each to Plaintiffs' counsel (**Ex. B** - Cover Letter with checks). Both checks (No. 11445 & No. 11446) were to pay the claims and/or money judgment awards in full to each Plaintiff.

The above-referenced checks were delivered to Plaintiffs' counsel's office via federal express on June 16, 2015 (**Ex. C:** Fed Ex Tracking). Top Flite's voluntary tender of the money judgments was to, *inter alia*, satisfy the claims/judgments and avoid collection attempts by the Plaintiffs during the pendency of the appeal. Without explanation, Plaintiffs' counsel returned the two checks to defense counsel via first-class mail dated November 30, 2015 (**Ex. D:** Letter).

Defendant now seeks permission from this Court to pay the money judgments into the Court Clerk for the Plaintiffs' benefit and receive Satisfactions

of Judgment from the Court Clerk after the full amount of certified funds for each

Plaintiff are paid into the Court Clerk.

## III.  <u>ARGUMENT</u>

**A.  IT IS UNREASONABLE FOR PLAINTIFFS TO REFUSE THE TENDER AND VOLUNTARY PAYMENT OF THE DAMAGES AND/OR MONEY JUDGMENTS. THIS COURT SHOULD EXERCISE ITS DISRETION AND ALLOW TOP FLITE TO DEPOSIT FULL PAYMENT OF THE CLAIMS/JUDGMENTS WITH THE COURT CLERK.**

Pursuant to Fed. R. Civ. P. 67 and 28 U.S.C. §2041, Top Flite requests for

this Court to permit it to make two deposits of $1,550 (via certified funds), along

with interest of 1 cent per day from April 27, 2015 until the date the monies are

paid into the Court Clerk, in satisfaction of each of the Plaintiff's claims and/or

money judgments that were entered on April 27, 2015. Top Flite also requests for

the Court's Order to direct the Court Clerk to have the record reflect satisfaction of

the judgments after it has received the above payments.

Fed. R. Civ. P. 67(a) provides:

> "If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party--on notice to every other party and by leave of court--may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit." [1]

---

[1] There is sparse case law concerning Rule 67. Several Courts, however, have recognized that such payments under Rule 67 into the Court Clerk ends the accrual of post-judgment interest. *See Cordero v. De Jesus-Mendez*, 922 F.2d 11, 15-19 (1st Cir. 1990); *Kotsopoulos v. Asturia Shipping Co.*, 467 F.2d 91, 94 (2nd Cir.

LR 67.1(a) provides that "[t]he Clerk of Court shall accept only certified check, cashier's check or money order for deposit in an interest-bearing account. A proposed order directing the Clerk to deposit funds in an interest-bearing account shall include the following information:

> (1) the amount to be invested; and

> (2) language which directs the Clerk to deduct from the account any fee authorized by the Judicial Conference of the United States.

. . . the movant shall personally serve a copy of the order on the Clerk or his designee who shall deposit the funds as soon as the business of the Clerk's Office allows."

28 U.S.C. §2041 also provides for the payment of monies into the district court "in any case pending or *adjudicated in such court*." (Emphasis added).[2]  28 U.S.C. §2042 provides that Bridging and Gamble would have five years after

---

1972); *Shaver Transportation Co. v. Chamberlain*, 399 F.2d 893, 895 (9th Cir. 1968); *U S Overseas Airlines, Inc v. Compania Aerea Viajes*, 161 F.Supp. 513, 516 (S.D.N.Y.1958).

[2] The filing of the appeal only divests the district court of its control over those aspects of the case involved in the appeal. See, e.g., *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), citing to *United States v. Hitchmon*, 587 F.2d 1357 (5th Cir. 1979).  Plaintiffs' appeal concerns this Court's decision on the class certification issue and has nothing to do with amount or payment of the judgments. Nevertheless, the Court retains jurisdiction to enforce its judgment even after notice of appeal is filed. See e.g., *City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir.2007).

deposit to petition for the release of the monies being held in the Court Clerk registry for their benefit. Top Flite claims no interest in the monies that are to be deposited with the Court Clerk and currently has no objections to any petition by Plaintiffs to *immediately* receive the monies from the Court Clerk.

Here, there is no dispute that the most each of the Plaintiffs could have obtained on their claims was $1,500. It is also undisputable that Top Flite had offered judgments to each Plaintiff for, *inter alia*, $1,550 each and was ready, willing, and able to pay those monies immediately. Judgments for each of the Plaintiffs had been entered on April 27, 2015, calling for, *inter alia*, the payment of $1,550 to each Plaintiff (DK#92 & DK#93). Top Flite attempted to voluntarily pay the claims and/or money judgments to Plaintiffs by tendering the monies to Plaintiffs' legal counsel in June 2015. Top Flite claims no interest in these monies and acknowledges that the monies are due and payable to both Plaintiffs on their respective claims and/or judgments. Unreasonably, Plaintiffs' legal counsel accepted the checks in June 2015 and then apparently refused the voluntary payment almost 6 months later by returning the monies via letter dated November 30, 2015.

Because of the circumstances described herein, and while the class certification issue is pending on appeal before the Sixth Circuit (ie., the only issue presented in the appeal brief), Top Flite is exposed (unreasonably) to forced

8

collection efforts from Plaintiffs on their claims/judgments. Also, the outstanding judgments have negatively affected and/or have delayed Top Flite's application for permission to conduct business in the state of California. In addition, Top Flite's payment obligations continue to increase because interest is accruing on both of the money judgments at the statutory rate of interest for money judgments. *See* 28 U.S.C. §1961(a) (interest accrues from the date of the entry of the judgment until the date it is paid).[3]

There is no plausible reason for Plaintiffs to refuse the voluntary tender of payment of their claims and/or money judgments. Regardless, returning the tender of payment on the judgments without explanation is a dilemma not of the Top Flite's making. If payment into court were not permitted, interest would continue to run on the judgments in face of the fact that Top Flite (ie., the judgment debtor) stands ready to pay the claims and/or judgments in full. It also subjects Top Flite to invasive collection attempts on the money judgments, as well as imposes other negative ramifications on Top Flite's business. Top Flite should not be so

---

[3] The above interest shall be computed daily to the date of payment and shall be compounded annually. *See* 28 U.S.C. §1961(b). Per the aforementioned statute, the interest rate on the money judgments is .2400% (**Ex. E:** Board of Governors of Fed Reserve System). The current daily interest accruing on each of the money judgments is *1 cent per day* until paid (or via this motion, through the date the monies are paid into the Court Clerk). The total interest on each money judgment as of April 27, 2016 will be $3.65 cents (1 cent x 365 days). Thus, as of April 27, 2016, $1,553.65 would be needed to pay off each of the judgments (with 1 cent being added to each judgment daily after April 27, 2016 until the money is paid in full into the Court Clerk).

9

penalized, but should instead be permitted to pay the amount of the claims/judgments, with interest, into Court Clerk and have the Clerk note in the record that the judgments have been satisfied. *See U S Overseas Airlines, Inc v. Compania Aerea Viajes,,* 161 F.Supp. 513, 515 (S.D.N.Y.1958) (finding "Rule 67, especially when read in conjunction with 28 U.S.C.A. §2041, is broad enough to authorize the payment into court of a judgment. . . .").

Top Flite now requests for this Court to allow Top Flite to pay the full claims/money judgments with interest into the Court Clerk for the Plaintiffs' benefit and to thereafter have the court record reflect that the judgments have been satisfied.[4] Thereafter, the Plaintiffs may obtain their payment from the Court Clerk under 28 U.S.C. §2042, via a petition to this Court, if and when the Plaintiffs decide they want their monies.

## IV.   CONCLUSION

Top Flite respectfully requests for this Honorable Court to grant its motion and enter the following order:

(a)     Defendant shall be permitted to pay (via certified funds) the following amounts into the Court Clerk in satisfaction of the Judgment entered on April 27,

---

[4] Top Flite has attached a proposed Order granting the motion and directing the Court Clerk to accept the certified funds for deposit in interest-bearing accounts for the benefit and payment to each of the Plaintiffs and to have the record reflect thereafter that the judgments have been satisfied (**Ex. F:** Proposed Order).

2015 in favor of ***Bridging Communities, Inc.*** -- $\underline{\$1,550}$, as well as the interest accruing at 1 cent per day from April 27, 2015 until the date the monies are paid into the Court Clerk;

(b)    Defendant shall be permitted to pay (via certified funds) the following amounts into the Court Clerk in satisfaction of the Judgment entered on April 27, 2015 in favor of ***Gamble Plumbing & Heating, Inc.*** -- $\underline{\$1,550}$, as well as the interest accruing at 1 cent per day from April 27, 2015 until the date the monies are paid into the Court Clerk;

(c)    Upon Defendant paying the above-described monies into the Court Clerk via certified funds, the judgments shall be considered paid in full and the record shall reflect that the judgments (DK#92 & DK#93) have been satisfied.

Respectfully submitted,

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

By:    /s/ Shawn Grinnen
       KAREN A. SMYTH (P43009)
       SHAWN Y. GRINNEN (P62569)
       Attorneys for Top Flite Financial
       3910 Telegraph Road, Suite 200
       Bloomfield Hills, Michigan 48302
       (248) 593-5000
       ksmyth@lipsonneislon.com
       sgrinnen@lipsonneilson.com

Dated: March 2, 2016

11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIDGING COMMUNITIES, INC.,
a Michigan corporation, individually and
as the representative of a class of similarly
situated persons,

Case No.: 2:09-cv-14971

Hon. Lawrence P. Zatkoff

            Plaintiff,

v.

TOP FLITE FINANCIAL, INC.

            Defendant.

_____

CERTIFICATE OF SERVICE

        I hereby certify that on March 2, 2016, I electronically filed DEFENDANT'S MOTION

FOR LEAVE TO DEPOSIT FULL SETTLEMENT OFFER AND/OR FULL PAYMENT OF

MONEY JUDGMENTS WITH THE COURT PURSUANT TO FED R. CIV. P. 67; 28 U.S.C.

2041 AND 29 U.S.C. 2042 and this CERTIFICATE OF SERVICE with the Clerk of the

Court using the ECF System which will send notification of such filing to all attorneys of

record, and I hereby certify that I have mailed the foregoing document to the non-ECF

participants via United States Mail.


                        /s/ YOLUNDER AMOS