IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRIDGING COMMUNITIES, INC., a Michigan corporation, and GAMBLE PLUMBING & HEATING, INC., a Michigan corporation, | )<br>)<br>)<br>) Case No.: 2:09-cv-14971 |
| Plaintiffs, | ) Hon. Avern Cohn |
| v. | ) |
| TOP FLITE FINANCIAL, INC., | ) |
| Defendant. | ) |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR IMMEDIATE CONSIDERATION OF ITS MOTION FOR LEAVE TO DEPOSIT FULL SETTLEMENT OFFER AND/OR FULL PAYMENT OF MONEY JUDGMENTS WITH THE COURT**

Plaintiffs, Bridging Communities, Inc. and Gamble Plumbing & Heating, Inc. ("Plaintiffs"), by and through their attorneys, submit the following response in opposition to defendant Top Flight Financial, Inc.'s Motion for Immediate Consideration of its Motion for Leave to Deposit Full Settlement Offer and/or Full Payment of Money Judgments with the Court pursuant to Fed. R. Civ. P. 67; 28 U.S.C. § 2041 and 28 U.S.C. § 2042. (Docs. 96 and 97.).

Dated: March 15, 2016                    Respectfully submitted,

                                         Bridging Communities, Inc. and Gamble
                                         Plumbing & Heating, Inc.

                                         By: s/ Tod A. Lewis
                                                One of their attorneys

Jason R. Thompson                        Phillip A. Bock
SOMMERS SCHWARTZ, P.C.                   Tod A. Lewis
2000 Town Center, Suite 900              BOCK & HATCH, LLC
Southfield, MI 48075                     134 N. La Salle St., Suite 1000
Telephone: 248/355-0300                  Chicago, IL 60602
                                         Telephone: 312/658-5500

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500                  ATTORNEYS FOR PLAINTIFFS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| BRIDGING COMMUNITIES, INC., a Michigan corporation, and GAMBLE PLUMBING & HEATING, INC., a Michigan corporation, | ) ) ) ) Case No.: 2:09-cv-14971 |
| Plaintiffs, | ) ) Hon. Avern Cohn |
| v. | ) ) ) |
| TOP FLITE FINANCIAL, INC., | ) ) |
| Defendant. | ) |

**<u>PLAINTIFFS' RESPONSE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR IMMEDIATE CONSIDERATION OF ITS MOTION FOR LEAVE TO DEPOSIT FULL SETTLEMENT OFFER AND/OR FULL PAYMENT OF MONEY JUDGMENTS WITH THE COURT</u>**

3

## STATEMENT OF THE ISSUE

1. Should the Court deny defendant Top Flight Financial, Inc.'s Motion for Immediate Consideration of its Motion for Leave to Deposit Full Settlement Offer and/or Full Payment of Money Judgments with the Court pursuant to Fed. R. Civ. P. 67, 28 U.S.C. § 2041, and 28 U.S.C. § 2042?

Plaintiffs' Answer: Yes.

Defendant's Answer: No.

## CONTROLLING OR MOST APPRORIATE AUTHORITY

- *N.L.R.B. v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 588 (6th Cir. 1987)

- *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982)

- *Campbell-Ewald Co. v. Gomez*, __ U.S. __, 136 S. Ct. 663, 672 (2016), *as revised* (Feb. 9, 2016)

- *Bais Yaakov of Spring Valley v. Graduation Source, LLC*, No. 14-CV-3232 (NSR), 2016 WL 872914, at *1 (S.D.N.Y. Mar. 7, 2016)

- *Brady v. Basic Research, L.L.C.*, No. 213CV7169SFJARL, 2016 WL 462916, at *2 (E.D.N.Y. Feb. 3, 2016) (Feuerstein, J.)

## INDEX OF EXHIBITS

| **Exhibit** | **Description** |
|---|---|
| A | Appellant's Opening Brief |
| B | Appellant's Reply Brief |

## **INTRODUCTION**

The Court should deny Defendant's Motion for Immediate Consideration of its Motion for Leave to Deposit Full Settlement Offer and/or Full Payment of Money Judgments with the Court for two reasons. First, Defendant improperly attempts to use Rule 67 as a mechanism to circumvent appellate review of the Court's entries of judgment. Because the Sixth Circuit is currently reviewing this matter, Defendant's request that this Court accept payment of judgments pursuant to Rule 67, and have the Clerk note in the record that the judgments have been satisfied, is both improper and without justification. Second, Defendant is also improperly attempting to use Rule 67 as a mechanism to prevent Plaintiffs from asserting class action claims. Because Defendant seeks to make the requested deposit for an improper purpose, the Court should exercise its discretion to deny Defendant's request under Rule 67.

## **FACTS**

The Court is familiar with the recent procedural history of this action. The case is currently on appeal before the Sixth Circuit. *See* Plaintiffs' Notice of Appeal, Doc. 94 (filed May 13, 2015). Plaintiffs have appealed four orders or judgments, including the Court's June 13, 2013 order denying class certification (Doc. 65), the Court's April 27, 2015 order dismissing Plaintiffs' claims for mootness (Doc. 91), and both of the Court's $1,550 judgments dated that same day

based on Defendant's <u>unaccepted</u> Rule 68 offers of judgment (Docs. 92 & 93).[1] *See* Doc. 94, p. 1; Appellant's Opening Brief (<u>Exhibit A</u>), Case 15-1572, Doc. 13, p.49 ("The District Court's Entry of Defendant's Rule 68 Judgments Should Be Reversed"); Appellant's Reply Brief (<u>Exhibit B</u>), Case 15-1572, Doc. 16, pp. 16-17 ("The Court should then vacate the Rule 68 judgments entered over Plaintiffs' objections because they would have been improper had the district court correctly granted class certification.")

On June 15, 2015, more than a month after Plaintiffs' filed their notice of appeal, Defendant tendered two checks to Plaintiffs for $1,550 each pursuant to Defendant's unaccepted Rule 68 offers of judgment and the Court's Judgments. Doc. 97, p. 11. The checks were neither requested nor cashed and, on November 30, 2015, Plaintiffs' counsel returned both checks to Defendant's counsel. *Id.* Over three months later, Defendant filed the instant motion requesting the Court's "immediate consideration." Doc. 96. Plaintiffs' appeal has been fully briefed since September 18, 2015, and awaits a date for oral argument or disposition.

Defendant now requests this Court grant it leave to deposit the settlement

---

[1] Plaintiffs each allowed more than 14 days to pass without accepting the offers, so they were withdrawn. Fed. R. Civ. P. 68(a), (b). On March 6, 2014, Defendant moved to dismiss based on its unaccepted Rule 68 offers of judgment. (Doc. 70.) On April 27, 2015, the Court granted Defendant's motion to dismiss based on its Rule 68 offers of judgment over Plaintiffs' objections. (Doc. 86, amended at Doc. 89.) The Court entered judgments in the amount of $1,550 for each of the Plaintiffs. (Doc. 87, 88, amended at Docs. 92, 93.).

8

and/or Rule 68 judgment funds with the Court "*and have the Clerk note in the record that the judgments have been satisfied.*" (Doc. 96) (emphasis in original).

## ARGUMENT

**1.    This Court Has Been Divested of Jurisdiction over All Matters Related to the Rule 68 Judgments.**

Defendant's motion is both procedurally and substantively improper because it's based on a false premise; *i.e.*, that Plaintiffs' appeal before the Sixth Circuit only concerns class certification. Doc. 96, pp. 3, 5, ¶¶ 9, 16; Doc. 97, p. 11. This is false.

As discussed in the "FACTS" section above, both the Notice of Appeal and Plaintiffs' briefing clearly also challenge entry of the judgments based on Defendant's unaccepted Rule 68 offers of judgment. All of the issues raised on appeal are inextricably intertwined. As Plaintiffs explained to the Sixth Circuit, "In this case, Top Flite made a Rule 68 offer of judgment to Plaintiffs for individual relief only after class certification was denied. Had the district court properly granted Plaintiffs' motions for class certification, this offer would not have allowed entry of the judgments. [citation omitted]. Because the district court's denial of class certification should be reversed, so should the Rule 68 judgments it entered later." Appellant's Opening Brief (Exhibit A), Case 15-172, Doc. 13, p.49.

In its motion, Defendant concedes that the filing of the appeal "divests the district court of its control over those aspects of the case involved in the appeal."

9

Doc. 96, p. 4, ¶ 15 (citing cases). Indeed, as a general rule, a notice of appeal divests the district court of jurisdiction over the matter forming the basis for the appeal. *N.L.R.B. v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 588 (6th Cir. 1987) (citing *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 378–79 (1985)); *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982). Defendant's request to deposit the amount of its judgments with the Court is an attempt to thwart the appeals process and prevent the Sixth Circuit's review of the judgments entered by this Court.

Because Plaintiffs' appeal necessarily includes all matters related to both judgments, including the $1,550 checks tendered by Defendant based on those judgments, this Court is divested of jurisdiction to rule on Defendant's new request to pay while the appeal is still pending. Defendant's motion should be denied.

### 2. Rule 67 Should Not Be Used to Prejudice Plaintiffs' Appeal of the Court's Denial of Class Certification.

Rule 67 is a procedural device that "was only intended to provide a place of safekeeping for disputed funds pending resolution of a legal dispute." *Prudential Ins. Co. of Am. v. BMC Indus., Inc.*, 630 F. Supp. 1298, 1300 (S.D.N.Y. 1986); *see also Ray Legal Consulting Grp. v. DiJoseph*, 37 F. Supp. 3d 704, 729 (S.D.N.Y. 2014) (same). It was not intended "to provide a means of altering the contractual relationships and legal duties of each party." *Id.* Rule 67 "is not intended to allow a party to deposit monies into a court to avoid a breach of contract or create a fund to

10

secure the satisfaction of a prospective judgment." *Tops Markets, LLC v. Brookgate Associates, LLC*, No. 07 CV 1620, 2007 WL 2156389, at *1 (N.D. Ohio July 23, 2007); *see also ArcelorMittal Cleveland Inc. v. Jewell Coke Co., L.P.*, No. 10-CV-00362, 2010 WL 5158869, at *1 (N.D. Ohio Dec. 14, 2010) (denying motion to deposit funds with the Court under Rule 67). But this is precisely what Defendant seeks to do here.

Defendant's implicit aim is to use Rule 67 as a mechanism to moot Plaintiffs' standing to continue their appeal of the denial of class certification. This is contrary to the Supreme Court's recent decision in *Campbell-Ewald Co. v. Gomez*, __ U.S. __, 136 S. Ct. 663, 672 (2016), *as revised* (Feb. 9, 2016). *Gomez* held that an "unaccepted offer of judgment for full relief cannot moot a plaintiff's claim and support entry of judgment." *Id. Gomez* also explained:

> Because Gomez's individual claim was not made moot by the expired settlement offer, that claim would retain vitality during the time involved in determining whether the case could proceed on behalf of a class. While a class lacks independent status until certified ... <u>a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted.</u>

136 S. Ct. at 672. This statement would seem to foreclose any possibility that a defendant could moot a class action plaintiff's individual claim against the plaintiff's will to foreclose any "opportunity to show that certification is warranted," but Defendant's current motion is designed to do exactly that by

mooting the appeal before the Sixth Circuit reaches the merits of the class certification question. 136 S. Ct. at 672.

Recent decisions have cited this passage from *Campbell-Ewald* to hold that class plaintiffs must be given an opportunity to pursue class certification before any attempt can be made to end their case by means of individual relief. *Bais Yaakov of Spring Valley v. Graduation Source, LLC*, No. 14-CV-3232 (NSR), 2016 WL 872914, at *1 (S.D.N.Y. Mar. 7, 2016) (Nelsons, J.); *Brady v. Basic Research, L.L.C.*, No. 213CV7169SFJARL, 2016 WL 462916, at *2 (E.D.N.Y. Feb. 3, 2016) (Feuerstein, J.). These cases also explain how Rule 67 is not really intended to allow its deposit provision to be used as a pick-off tactic. *Id.* Because Rule 67 was not intended to be used for the purpose that Defendant intends here, Defendant's motion should be denied even if the Court retains jurisdiction to consider their motion

**WHEREFORE**, the Court should deny Defendant's Motion for Immediate Consideration of its Motion for Leave to Deposit Full Settlement Offer and/or Full Payment of Money Judgments with the Court.

Dated: March 15, 2016

Respectfully submitted,

Bridging Communities, Inc. and Gamble Plumbing & Heating, Inc.

By: s/ Tod A. Lewis
    One of their attorneys

Jason R. Thompson
SOMMERS SCHWARTZ, P.C.
2000 Town Center, Suite 900
Southfield, MI 48075
Telephone: 248/355-0300

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500

Phillip A. Bock
Tod A. Lewis
BOCK & HATCH, LLC
134 N. La Salle St., Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

ATTORNEYS FOR PLAINTIFFS

13

## CERTIFICATE OF SERVICE

     The undersigned attorney hereby certifies that, on March 15, 2016, the foregoing Response in Opposition to Defendant's Motion for Immediate Consideration of its Motion for Leave to Deposit Full Settlement Offer and/or Full Payment of Money Judgments with the Court and Brief in Support were filed and served upon counsel of record using the Court's CM/ECF system.

                                              /s/ Tod A. Lewis