# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into on the date of execution between plaintiffs, Bridging Communities, Inc. and Gamble Plumbing & Heating, Inc., individually and as the representatives of the settlement class in this matter (collectively "Plaintiffs"), and defendant, Top Flite Financial, Inc. ("Top Flite" or "Defendant"). The parties to this Agreement are collectively referred to herein as the "Parties."

WHEREAS, Plaintiffs and Defendant are Parties to a civil action entitled *Bridging Communities, Inc. and Gamble Plumbing & Heating v. Top Flite Financial Inc.*, Case No. 09 CV 14971, currently pending in the United States District Court for the Eastern District of Michigan (the "Litigation"); and

WHEREAS, Plaintiffs allege in the Litigation that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"); and

WHEREAS, Defendant has denied any liability and has denied that Plaintiffs and the putative class are entitled to any relief, but has nevertheless agreed to settle with Plaintiffs and a class of similarly-situated persons all claims, demands, and liabilities, asserted or which could have been asserted in the Litigation; and

WHEREAS, the Parties have agreed on a compromise and settlement that is in the best interests of all Parties, including the named Plaintiffs and all other members of the Settlement Class; and

WHEREAS, the Parties agree to the following class definition for settlement purposes only: "All persons who owned or used a fax number to which a facsimile transmission was successfully sent in March 2006 referencing 'Top Flite Financial'

and offering '0 Down, 0 Closing Costs' for 'Mortgages' on 'Purchases / ReFinancing,' and identifying (718) 360-0971 as a 'Remove Hotline' telephone number." (defined below as the "Settlement Class"); and

WHEREAS, the Parties agree that the Settlement Class includes 4,271 persons who were successfully sent such a facsimile in March 2006; and

WHEREAS, a finding of liability under the TCPA, with statutory damages of $500 for each of those faxes, would result in an award of $2,135,500 and an award of statutory damages of $1,500 for each of those faxes would result in an award of $6,406,500; and

WHEREAS, Defendant promptly tendered its defense in the Litigation to its insurer, Hartford Casualty Insurance Company ("Hartford"), which had issued two commercial general liability primary policies to Top Flite. The first policy covered the period from March 29, 2005 to March 29, 2006. The second policy covered the period from March 29, 2006 to March 29, 2007. Hartford denied coverage and refused to defend Top Flite in this Litigation under these policies;

WHEREAS, after considering: (1) the benefits to the Settlement Class; (2) the attendant risks, costs, uncertainties, and delays of litigation; (3) Defendant's limited financial resources; and (4) the coverage defenses of Hartford and its refusal to defend or indemnify the claims asserted against Defendant, Plaintiffs and Plaintiff's Counsel have concluded that the terms and conditions provided for in this Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class as a means of resolving the Litigation; and

WHEREAS, after considering, among other things, the additional expense and delay that would result from the continuation of the Litigation, the potential exposure to liability, and the coverage defenses of Hartford, Defendant has determined that it is appropriate to resolve the Litigation upon the terms and conditions this Agreement provides; and

WHEREAS, this Agreement has been negotiated among the Parties and Counsel in good faith and at arm's length; and

WHEREAS, the Parties stipulate and agree that the claims of the Settlement Class (including the individual claims of Plaintiffs) against Defendant should be and are hereby forever compromised and settled, subject to the approval of the Court, upon the terms and conditions set forth herein:

1.  <u>Recitals</u>. The recitals stated above are incorporated herein and made a part hereof.

2.  <u>For Settlement Purposes Only</u>. This Agreement is entered into for purposes of resolving all disputes between Defendant and the Settlement Class. The Parties expressly agree that if this Agreement and the Settlement are not finally approved, this Agreement is null and void *ab initio* and may not be used by either party for any purpose. As used in this section, "finally approved" means that the terms of this Agreement and the Settlement are approved in a final, non-appealable order.

3.  <u>The Settlement Class</u>. The "Settlement Class" is defined as "All persons who owned or used a fax number to which a facsimile transmission was successfully

sent in March 2006 referencing 'Top Flite Financial' and offering '0 Down, 0 Closing Costs' for 'Mortgages' on 'Purchases / ReFinancing,' and identifying (718) 360-0971 as a 'Remove Hotline' telephone number." Excluded from the Settlement Class are Top Flite Financial, Inc., any of its parents, subsidiaries, affiliates or controlled persons, and its officers, directors, partners, members, agents, servants, and employees of any kind, and the members of their immediate families. In the event the settlement contemplated under this Agreement does not receive final approval from the Court, the fact that the Parties stipulated to a Settlement Class shall not be used by any Party either in support or opposition of class certification in the Lawsuit.

4.     <u>Representation of the Settlement Class</u>.  Plaintiffs shall be the Class Representatives and Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim, LLC, Jason J. Thompson of Sommers Schwartz, PC, and Brian J. Wanca of Anderson + Wanca shall be Class Counsel.

5.     <u>Preliminary Approval and Class Notice</u>. The Parties will jointly move the Court for an Order Preliminarily Approving this Settlement. The Plaintiffs will request that the Court enter an Order Preliminarily Approving the Class Action Settlement and Approving the Class Notice (the "Preliminary Approval Order") in the form attached hereto as <u>Exhibit 1</u>, including approving the Notice of Class Action Settlement in the form attached hereto as <u>Exhibit 2</u>, which will be sent to the class members identified in the Report of Robert Biggerstaff (ECF 47-4) by facsimile and U.S. Mail, utilizing the National Change of Address database. The Settlement Administrator shall also maintain a settlement website. Defendant will pay all

expenses associated with providing the notice of the settlement to Settlement Class members. Any additional expenses or cost increase associated with the March 20, 2006, faxes shall be the responsibility of The Hartford. Defendant will also notify the appropriate government officials of the settlement sufficient to satisfy the requirements of 28 U.S.C. § 1715.

6.     <u>Settlement Administrator</u>.  Defendant, or its designee, will engage a third party Settlement Administrator with the approval of Class Counsel, which approval shall not be unreasonably withheld. The Settlement Administrator is to send the class notice along with the Proof of Claim form by facsimile and by U.S. Mail to class members to whom fax notice is unsuccessful and perform claims administration, including providing all counsel a list of accepted and rejected claims, providing all counsel a copy of all claim forms submitted, and issuing non-duplicative settlement payments to the Class members (including Plaintiffs) who timely submit a Proof of Claim form pertaining to March 30, 2006 faxes, only. For purposes of this paragraph, multiple claims based upon the same fax number are considered duplicative claims. If multiple claim forms are submitted for a fax number listed on the Claim form, the Settlement Administrator shall make only one payment of $500.00 or the person's pro rata share of the Settlement Fund, whichever is less, per fax number on Report of Robert Biggerstaff (ECF 47-4). Accordingly, if multiple claim forms are submitted for a fax number listed on the Claim form, the Settlement Administrator shall be empowered to resolve how to award or divide the payment. The parties will have the opportunity to review the list of claims and claim forms for

the purposes of objection, but the final decision of the Settlement Administrator about the accepted and rejected claims will be final and binding. The costs of providing notice and distributing the checks to the Class members who timely submitted a Proof of Claim form shall be borne by Defendant. Upon completion, Defendant, or the Settlement Administrator, shall file an Affidavit of Administration with the Court

7. <u>Judgment</u>. Defendant agrees to allow Judgment to be entered against it in the total amount of $2,135,500, calculated as $500.00 for each of the 4,271 successful fax transmissions identified in the Report of Robert Biggerstaff, in favor of the Settlement Class (represented by Plaintiffs and their attorneys), allocated as follows: (1) $1,878,500 for the 3,757 faxes successfully sent on March 20, 2006, and (2) $257,000.00 for the 514 faxes successfully sent on March 30, 2006 (the "Judgment").

The Judgment will be effective as of the Effective Date of the Agreement as defined herein. If the Court does not grant preliminary or final approval of the Settlement contemplated under this Agreement or if the Court's Final Approval Order is reversed or substantially modified on appeal, then the Judgment, this Agreement and the Settlement shall be null and void *ab initio* and all Parties shall have the same rights that they had prior to entering into this agreement, including the right to pursue all post-judgment motions and appellate review of the matter.

8. <u>Prospective Relief</u>. Defendant agrees that it will not send advertisements by facsimile unless it has first obtained the prior express invitation permission of the intended recipient or it has an established business relationship

with the recipient and includes the required opt out notice.

9.     _Settlement Fund and Partial Satisfaction of Judgment_. Defendant will make available a settlement fund of $257,000.00 (the "Settlement Fund"), to satisfy the portion of the Judgment Amount attributable to the March 30, 2006 faxes only. The Settlement Fund shall pay Class members (including Plaintiffs) who timely submit a Proof of Claim form pertaining to March 30, 2006 faxes, only, the lesser of $500.00 or his or her _pro rata_ share of the Settlement Fund; a _cy pres_ award if necessary; an incentive payment to the class representatives; attorney's fees; and expenses not to exceed $38,333.33 incurred to the date of final approval of the Settlement Agreement to Class Counsel. Defendant need not segregate funds or otherwise create special accounts to hold the Settlement Fund. Defendant will not relinquish control of any money until payments are due. Defendant is entitled to keep all unclaimed funds in the Settlement Fund above the _cy pres_ floor described below. Notwithstanding any other provision of this Agreement to the contrary, the maximum payment by Defendant through assets other than its Hartford policies is the Settlement Fund, with the remaining $1,878,500 of the Judgment attributable to the March 20, 2006 faxes to be collectible only from or through Hartford policies.

10.     _Assignment_. Defendant assigns all of its rights under its Hartford policies to Plaintiffs and the Class for the purpose of collecting and satisfying the portion of the Judgment attributable to the March 20, 2006 faxes.

11.     _Covenant Not to Execute_. On the Effective Date, Plaintiffs and the other members of the Settlement Class who did not opt out, for and in consideration of the

terms and undertakings herein the sufficiency and fairness of which are acknowledged, covenant not to prosecute or enforce the Judgment against Top Flite Financial, Inc., and each and every of its current and former directors, officers, shareholders, employees, agents, affiliates, parent corporations, subsidiaries, controlled companies, other associated business entities, predecessors, members spouses, family members, associates, principals and attorneys and their successors and heirs, but not Hartford, for the $1,878,500.00 portion of the Judgment which corresponds to the 3,757 faxes successfully sent on March 20, 2006. The Plaintiffs and the Settlement Class agree not to seek to execute against, attach, lien, or otherwise seek to acquire any interest in the property or assets of Top Flite or its members, partners, agents, officers, directors, shareholders, and employees of any kind to satisfy or recover on the Judgment, and agree to seek recovery to satisfy the portion of the Judgment attributable to the March 20, 2006 faxes only against Hartford and/or from Defendant's insurance policies. Plaintiffs and the Settlement Class agree not to execute against Defendant's non-insurance assets on that portion of the Judgment even if a determination is made that Defendant's insurance carriers do not owe defense or indemnity coverage for the claims alleged in the Litigation.

12. <u>Relief to Plaintiffs and the Settlement Class</u>. The Settlement Fund shall constitute full satisfaction of the portion of the Judgment allocated to the March 30, 2006 faxes. Defendant will pay timely, valid, and non-duplicative claims pertaining to the March 30, 2006 faxes submitted by Plaintiffs and Class members of the Settlement Class from the Settlement Fund. The Plaintiffs and Class members shall

8

have 90 days from the date of the Notice to submit a valid Proof of Claim form, which is the last page of the Notice (Exhibit 2), by facsimile or U.S. Mail. The claim form must be verified and affirm that the fax number identified in the Report of Robert Biggerstaff was owned or used by the Class member on March 30, 2006.  For each valid claim concerning a successful facsimile sent to Plaintiffs and the Class members on March 30, 2006, the Settlement Administrator will pay either $500.00 or the person's pro rata share of the Settlement Fund, whichever is less. For purposes of this paragraph, multiple claims based upon the same fax number are considered duplicative claims and disputes shall be settled by the Settlement Administrator by the method described in paragraph 6.

Regarding the portion of the Judgment allocated to the March 20, 2006 faxes, Plaintiffs and the Settlement Class will seek to satisfy or recover on that portion of the Judgment only from the insurance policies issued by Hartford. Plaintiffs, the Settlement Class, and their counsel, will pursue an action and attempt to recover the Judgment against Defendant's insurance policies and Hartford. Counsel for Defendant will accept service of subpoena(s) directed to Top Flite Financial with respect to Plaintiffs' pursuit of the collection of the portion of the Judgment not satisfied by the Settlement Fund.

Each Settlement Class member, including Plaintiffs, who does not opt out or exclude itself from the Settlement, will be sent a *pro rata* share of the amount recovered by judgment or settlement from Hartford, less attorneys' fees of one-third plus litigation expenses for Plaintiffs' attorneys, and any additional incentive award

to each of the Plaintiffs for representing the Settlement Class. This amount is subject to further litigation and compromise with the Defendant's insurer and review by the Court or the court handling the litigation against Hartford.

13. *Cy Pres*. With regard to the Settlement Fund applicable to the March 30, 2006 faxes, if the payments to Claimants (persons who timely submit a Proof of Claim form deemed acceptable by the Settlement Administrator) total less than 15 percent of the Settlement Fund ($38,550.00), then that difference (between the total payments to Claimants) (persons who timely submit a Proof of Claim form deemed acceptable by the Settlement Administrator) and 15 percent of the Settlement Fund ($38,550.00) shall be paid as a *cy pres* award to charities recommended by Defendant and approved by the Court.

With regard to the balance of the Judgment, any amount recovered from Hartford pursuant to the Judgment remaining after payment of all costs of class notice and claims administration, any incentive payments to Plaintiffs, the attorneys' fees and expenses to Plaintiffs' attorneys, and the amounts paid to the Settlement Class members, shall be paid to charities recommended by Plaintiffs and approved by the Court or the court overseeing the action against Hartford.

14. Incentive Awards to the Plaintiffs. Defendant agrees to pay and will not oppose or appeal a request for an incentive award of $7,500 for Bridging Communities and $5,000 for Gamble Plumbing & Heating from the Settlement Fund for serving as the Class Representatives. Should there be a recovery from Hartford, Plaintiffs may seek an additional incentive award from this Court or the court hearing the action

against Hartford.

15.   <u>Attorneys' Fees and Expenses</u>. Defendant agrees to pay and will not oppose or appeal a request by Class Counsel (Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim, LLC, Jason J. Thompson of Sommers Schwartz, PC, and Brian J. Wanca of Anderson + Wanca) for attorney's fees in a total amount equal to one-third of the Settlement Fund ($85,666.67) plus reimbursement of litigation expenses, not to exceed $38,333.33, incurred to the date of final approval of the Settlement Agreement to Class Counsel. In addition, Class Counsel shall receive one third of any future recovery from Hartford plus future expenses incurred following final approval.

16.   <u>Condition Precedent</u>. It shall be a condition precedent for the validity and enforceability of this Agreement that the Court find and hold in the Final Approval Order that:

(a)   Plaintiffs alleged that the faxes at issue violated the TCPA because they were sent without the prior express invitation or permission of the recipients;

(b)   Extensive discovery and significant litigation and appeals have been incurred by the parties over the faxes;

(c)   The settlement was made by Defendant in reasonable anticipation of potential liability that would arise from a finding that Defendant sent thousands of fax advertisements that violated the TCPA;

(d)   The settlement amount is fair and reasonable because it is within the range of statutory liquidated damages that could be awarded against Defendant for the claims made by Plaintiffs and the Class;

(e)   The settlement was entered into in good faith following arm's-length negotiations;

(f)   5,971 facsimiles referencing 'Top Flite Financial' and offering '0

Down, 0 Closing Costs' for 'Mortgages' on 'Purchases / ReFinancing,' and identifying (718) 360-0971 as a 'Remove Hotline' telephone number were sent on March 20, 2006, of which 3,757 were successfully sent;

(g)     2,212 facsimiles referencing 'Top Flite Financial' and offering '0 Down, 0 Closing Costs' for 'Mortgages' on 'Purchases / ReFinancing,' and identifying (718) 360-0971 as a 'Remove Hotline' telephone number were sent on March 20, 2006, of which 514 were successfully sent;

(h)     Defendant had no intent to injure anyone in this case including the recipients of the fax advertisements sent on March 20, 2006 and March 30, 2006; and

(i)     Defendant's decision to settle is prudent, taking into account the totality of circumstances.

Defendant will execute and provide a declaration in support of these findings to be tendered to the Court in support of final approval. This declaration will only be used in support of approval of the Settlement and in litigation against Hartford. It may not be used by any party in the Lawsuit for any purpose other than to support the Settlement

17.    <u>Final Approval Order</u>. The Parties agree to request that the Court enter a Final Order and Judgment of Classwide Settlement (the "Final Approval Order") in the form attached hereto as <u>Exhibit 3</u>. However, this Agreement and the Settlement are expressly contingent upon the Court making the findings described herein and entering the Final Approval Order containing the Judgment. If the Court refuses to enter the Final Approval Order, or if the Court's Final Approval Order is reversed or substantially modified on appeal, then this Agreement and Settlement shall be null and void *ab initio* and no stipulation, representation or assertion of fact made in this Agreement may be used against any of the Parties hereto; and in that event, all

Parties shall have the same rights they had prior to entering into this Agreement. If the Court requires non-substantive changes in the Final Approval Order, such non-substantive changes will not invalidate this Agreement.

18.  **Effective Date**. Except to the extent that performance or forbearance is required to occur sooner by the terms set forth herein, this Agreement shall be effective (hereinafter the "Effective Date") 10 business days after the later of (a) the Court entering the Final Order, substantially in the form of this Agreement, or in a form agreed to by the Parties, or (b) the date on which the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and affirmances are no longer subject to further appeal or review.

19.  **Partial Release**. On the Effective Date, Plaintiffs and the other members of the Settlement Class who did not opt out for and in consideration of the terms and undertakings herein the sufficiency and fairness of which are acknowledged shall execute, in exchange for making the Settlement Fund available and agreeing not to send violative faxes in the future, release Top Flite Financial, Inc., and each and every of its current and former directors, officers, shareholders, employees, agents, affiliates, parent corporations, subsidiaries, controlled companies, other associated business entities, predecessors, members spouses, family members, associates, principals and attorneys and their successors and heirs from all liability relative to the March 30, 2006 faxes only.

20.  **Settlement Class Enjoined**. On the Effective Date, Plaintiffs and the

other members of the Settlement Class who did not opt out as described below (and any person or entity claiming by or through him, her, or it, as heir, administrator, devisee, predecessor, successor, attorney, representative of any kind, shareholder, partners, director or owner of any kind, affiliate, subrogee, assignee, or insurer) will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendant or its officers, directors, shareholders, members, partners, agents and employees of any kind (but not Hartford), in any jurisdiction based on or relating in any way whatsoever to the claims and causes of action, or the facts or circumstances relating thereto, in or underlying the Litigation or the settled claims as defined in the Agreement; and all persons shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Defendant and its officers, directors, shareholders, members, partners, agents and employees of any kind (but not Hartford) (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of members of the Settlement Class who have not timely excluded themselves from the Settlement Class if such other lawsuit is based on or related to the claims and causes of action or the facts and circumstances relating thereto, in this Action or the settled claims.

Plaintiff and each member of the Settlement Class, and their heirs, executors, administrators, representatives, agents, successors and assigns, and any and all other Persons claiming through or by virtue of them, have covenanted with Defendant and its officers, directors, shareholders and employees not to execute on the portion of the Judgment attributable to the March 30, 2006 faxes against Defendant, any of its past or present officers, stockholders, directors, members, partners, agents, employees of any kind, parents, affiliates, subsidiaries or divisions, or any other successors, assigns or legal representatives thereof, but rather have agreed to pursue collection of the Judgment against Defendant's insurance and Defendant's insurers only. This provision does not release the Judgment against Defendant to be entered herein, or the right to enforce the Judgment in favor of the Plaintiffs and the Settlement Class against Defendant's insurer and insurance policies.

21.     Satisfaction of Judgment. Plaintiffs and the Settlement Class agree that, within 30 days after the later of the payment or satisfaction in full or settlement of the Judgment or the date of a final and non-appealable order entered by a Court in any litigation against Defendant's insurer finding that Defendant's insurer is not obligated to pay the amount of the Judgment or any portion thereof to the Settlement Class, the Settlement Class, upon written request from Defendant, shall file a Satisfaction of Judgment reflecting that it has been satisfied in full.

22.     Agreement as Defense. The Settlement Agreement, including the covenant not to prosecute or enforce the Judgment, and Final Approval and Judgment order, including the provision releasing upon satisfaction of the terms of

the settlement the claims relating to the March 30, 2006 faxes and may be pled as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to any of the claims being extinguished by these documents. The Parties fully agree that this Agreement may be pled as necessary for the purpose of enforcing this Agreement in any court of competent jurisdiction.

23.     <u>Reporting of Judgment</u>. Class Counsel are agreeable, if requested by or on behalf of Top Flite Financial, Inc., to write a letter to any person, entity, agency or regulatory or governing body confirming that Plaintiffs and the Settlement Class have given a covenant not to prosecute or enforce judgment against Top Flite Financial, Inc., and each and every of its current and former directors, officers, shareholders, employees, agents, affiliates, parent corporations, subsidiaries, controlled companies, other associated business entities, predecessors, members spouses, family members, associates, principals and attorneys and their successors and heirs for the judgment amount of $1,878,500.00 which corresponds to the 3,757 faxes successfully sent on March 20, 2006. The letter will expressly state that the $1,878,500.00 is recoverable only from Hartford.

24.     <u>Miscellaneous Provisions</u>.

(a)     Requests for exclusion and objections to the Agreement or notices to Plaintiffs and the Settlement Class shall be sent to Plaintiffs' attorneys:

> Phillip A. Bock
> BOCK & HATCH, LLC
> 134 N. La Salle St., Ste. 1000
> Chicago, IL 60602

(b)    Requests for exclusion and notices to Defendant shall be sent to:

C. Thomas Ludden
Lipson Neilson P.C.
3910 Telegraph Road, Suite 200
Bloomfield Hills, Michigan 48302

(c)    This Agreement (including its exhibits) is intended to be a full and complete expression of the Parties' agreement. It supersedes any prior representation and agreement between the Parties or their legal counsel. This Agreement may not be altered, amended, or extinguished except by a writing that expressly refers to this Agreement and is signed subsequent to the execution of this Agreement by all of the Parties.

(d)    The Parties agree that any rule of interpretation requiring ambiguities to be resolved against the drafting party shall not apply to the interpretation to this Agreement.

(e)    This Agreement shall be governed by and interpreted by the laws of the State of Michigan without regard to any choice of law rules.

(f)    This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile signatures are acceptable for the execution of this Agreement.

(g)    The Parties each further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts

17

involved and the controversy herein compromised and with regard to their rights arising out of such facts.

      (h)    This Agreement shall be binding upon and inure to the benefit of the Parties hereto, and to their respective agents, employees of any kind, representatives, trustees, officers, directors, shareholders, members, partners, divisions, parent corporations, subsidiaries, heirs, assigns, and successors in interest.

      (i)    Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party for which he or she is signing.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed on the date set forth underneath their respective signatures.

PLAINTIFFS BRIDGING
COMMUNITIES, INC., AND
GAMBLE PLUMBING &
HEATING, INC., AND THE
SETTLEMENT CLASS


By: _____
    Phillip A. Bock,
    Jason J. Thompson, Brian J. Wanca
    Attorneys for the Plaintiffs and Class
    Representatives and the Settlement Class

Dated: _____

TOP FLITE FINANCIAL, INC.

By: _____

Its: _____

Date: _____

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be

executed on the date set forth underneath their respective signatures.

**PLAINTIFFS BRIDGING COMMUNITIES, INC., AND GAMBLE PLUMBING & HEATING, INC., AND THE SETTLEMENT CLASS**

By: _____

    Phillip A. Bock,
    Jason J. Thompson, Brian J. Wanca
    Attorneys for the Plaintiffs and Class
    Representatives and the Settlement Class

Dated: _____

**TOP FLITE FINANCIAL, INC.**

By: _____

Its: _____

Date: _____

19

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| BRIDGING COMMUNITIES, INC. and GAMBLE PLUMBING & HEATING, INC., individually and as the representatives of a class of similarly situated persons, | ) ) ) ) ) ) | No. 09-CV-14971 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| TOP FLITE FINANCIAL, INC. | ) ) | |
| Defendant. | ) | |

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

This matter coming before the Court on the parties' Agreed Motion for Preliminary Approval of Class Action Settlement and Notice to the Class (the "Joint Motion"), after review and consideration of the Settlement Agreement, and after hearing statements of the parties' attorneys in open court on _____, 2019, and having been fully advised in the premises, IT IS HEREBY ORDERED and adjudged as follows:

1.    Pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure, in light of the factual, legal, practical, and procedural considerations raised by this case, the settlement of this action, as embodied in the terms of the Settlement Agreement attached to the Joint Motion, is hereby preliminarily approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class. The Settlement Agreement is incorporated by reference into this Order (with

capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

2.      Pursuant to Rule 23 (b) (3) of the Federal Rules of Civil Procedure, by stipulation of the parties, and for the purpose of settlement, the Court hereby certifies the following class:

> All persons who owned or used a fax machine to which a facsimile transmission was successfully sent in March 2006 referencing 'Top Flite Financial' and offering '0 Down, 0 Closing Costs' for 'Mortgages' on 'Purchases / ReFinancing,' and identifying (718) 360-0971 as a 'Remove Hotline' telephone number.

Excluded from the Settlement Class are Top Flite Financial, Inc., any of its parents, subsidiaries, affiliates or controlled persons, and its officers, directors, partners, members, agents, servants, and employees of any kind, the immediate family members of such persons, and the Court and its employees and staff.

3.      The Court finds that certification for purposes of settlement is appropriate because: (a) the class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class and they predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff and its attorneys will fairly and adequately protect the interests of the class; and (e) a class action is the superior means of resolving this controversy.

4.      The Court appoints Bridging Communities, Inc. and Gamble Plumbing & Heating, Inc. as the representatives of the Settlement Class pursuant to Rule 23 (a), and appoints attorneys Jason J. Thompson of Sommers Schwartz, P.C., Phillip A.

Bock of Bock & Hatch, LLC, and Brian J. Wanca of Anderson + Wanca as Class Counsel pursuant to Rule 23 (g).

5. The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23 (e) (1) of the Federal Rules of Civil Procedure. That plan is approved and adopted. This Court further finds that the Class Notice (attached to the Settlement Agreement as Exhibit 2), and the Claim Form included as part of the Class Notice, comply with Rule 23 (e) (1) of the Federal Rules of Civil Procedure, are appropriate as part of the notice plan, and are approved and adopted. The Court orders that the parties notify the Class as proposed.

6. The Court appoints _____ as the Settlement Administrator. The Settlement Administrator will issue and administer the Notice, assist the class members in completing Claim Forms, receive the Claim Forms by facsimile, by U.S. mail, and electronically through the settlement website, track and provide notice to the Parties for any individual or entity opting out of the Settlement Class, and provide a list to counsel for the Parties of approved and rejected Claims and the total to be paid to each Claimant.

7. The Settlement Administrator shall send the Class Notice by facsimile to each of the telephone fax numbers, and by U.S. Mail to each of the names and addresses (after updating with the National Change of Address Database), identified in the exhibit to the Declaration of Robert Biggerstaff filed October 15, 2012 (Doc. 47-

4). The Class Notice and Claim Form shall also be made available on the Claims administrator's website. The Court finds and orders that no other notice is necessary.

8.     The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the following deadlines and dates in the Class Notice:

(a)     Defendants shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than _____, 2019;

(b)     A request by any Class member to opt out of the settlement must be submitted on or before _____, 2019, or be forever barred;

(c)     Objections and motions to intervene (including supporting memoranda) shall be filed in this Court and postmarked and served on Class Counsel and Defendant's counsel on or before _____, 2019, or be forever barred; and

(d)     The Fairness Hearing, identified in the Class Notice, is hereby scheduled for _____, 2019, at _____ a.m./p.m. in Room ____.

BY ORDER OF THE COURT

_____
Honorable Judge Avern Cohn

Dated: _____

4

# EXHIBIT 2

**This is a notice of a lawsuit settlement.**
**It should be read by a person who makes legal decisions for your home or business.**
**You may benefit from this. Please read it carefully.**
**You must submit a Proof of Claim (attached) to receive a settlement check.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| BRIDGING COMMUNITIES, INC. and GAMBLE PLUMBING & HEATING, INC., individually and as the representatives of a class of similarly situated persons, | ) ) ) ) ) | |
| Plaintiffs, | ) | No. 09-CV-14971 |
| | ) ) | |
| v. | ) | |
| | ) | |
| TOP FLITE FINANCIAL, INC. | ) | |
| | ) | |
| Defendant. | ) | |

<u>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT WITH ATTACHED CLAIM FORM**</u>

TO:   All persons who owned or used a fax machine to which a facsimile transmission was successfully sent in March 2006 referencing 'Top Flite Financial' and offering '0 Down, 0 Closing Costs' for 'Mortgages' on 'Purchases / ReFinancing,' and identifying (718) 360-0971 as a 'Remove Hotline' telephone number.

This group is the "Settlement Class" discussed in this notice.

The Court ordered us to send this notice to your fax number because it was found on a list of fax numbers to which advertisements were sent by fax in March 2006 and, therefore, you might be a member of the Settlement Class. If you received this Notice by mail, then your address was correlated to a fax number on the list, either before or after the address was verified with the Postal Service's National Change of Address Database. This notice is about a proposed settlement of the matter.

**A.** <u>**WHAT IS THIS LAWSUIT ABOUT**</u>?

Named plaintiffs Bridging Communities, Inc. and Gamble Plumbing & Heating, Inc. ("Plaintiffs") filed this class action lawsuit against Top Flite Financial, Inc. ("Defendant"), alleging that it violated the federal Telephone Consumer Protection Act ("TCPA") by faxing unsolicited advertisements. Defendant denied the allegations and raised defenses. The parties have agreed to settle all claims about advertising faxes sent by or on behalf of Defendants on March 20, 2006 and March 30, 2006.

**B.** <u>**WHAT IS THE PROPOSED SETTLEMENT**</u>?

Defendant has agreed to allow judgment to be entered against it in the total amount of $2,135,500,

allocated as $1,878,500 for the 3,757 faxes successfully sent on March 20, 2006, and $257,000.00 for the 514 faxes successfully sent on March 30, 2006. The judgment reflects TCPA statutory damages of $500 per fax. Defendant had renewal liability policies with its insurer, Hartford Casualty Insurance Company ("Hartford"). The policy covering the March 30, 2006 faxes contains an exclusion of coverage for TCPA claims. The policy covering the March 20, 2006 faxes does not contain this exclusion. Hartford declined to defend Defendant and is not participating in this settlement.

With respect to the March 30, 2006 faxes, Defendant has created a total settlement fund of $257,000 (the "Settlement Fund") to pay class member claims, settlement administration costs, attorney's fees, costs, and expenses, and an incentive award to Plaintiff. For purposes of this paragraph, multiple claims based upon the same fax number are considered duplicative claims. If multiple claim forms be submitted for a fax number listed on Claim form, the Settlement Administrator make only one payment of $500.00 or the person's pro rata share of the Settlement Fund, whichever is less, per fax number on Report of Robert Biggerstaff (ECF 47-4). Accordingly, if multiple claim forms are submitted for a fax number listed on the Claim form, the Settlement Administrator is empowered to resolve how the money should be awarded or divided. Class members that submit a valid and timely non-duplicative claim will be paid the lesser of $500.00 for each of their fax numbers on the list or a *pro rata* share of the Settlement Fund remaining after those other payments, and depending upon the number of claims submitted by the 514 class members for the 514 faxes at issue. No less than $38,550 will be paid to claimants or charitable organizations approved by the Court. If the records show that you received one of the March 30, 2006 faxes, a claim form is attached to this notice. The claim form is also available on the settlement website, **[website]**.

With respect to the March 20, 2006 faxes, Plaintiffs will seek to collect the judgment from Hartford through further litigation. Defendant has assigned its rights under the Hartford policies to Plaintiffs and the Class. The judgment regarding the March 20, 2006 faxes may be collected, if at all, from Hartford. Each Settlement Class member who does not opt out or exclude itself from the Settlement will be sent a pro rata share of the amount recovered by judgment or settlement from Hartford, less attorneys' fees of one-third plus litigation expenses for Plaintiffs' attorneys, and any additional incentive award to each of the Plaintiffs for representing the Settlement Class. This amount is subject to further litigation and compromise with the Defendant's insurer and review by the Court or the court handling the litigation against Hartford

The Court has preliminarily approved the proposed settlement and certified the Settlement Class, subject to a final approval hearing that will occur on _____, 2019, at _____ a.m./p.m., in Room _ in the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226.

## C.   WHAT ARE YOUR FOUR OPTIONS?

**1.    Submit a Proof of Claim (attached) to receive a check:** If you are a class member who received a fax on March 30, 2006, a Claim Form is attached to this notice. If so, you must submit a Claim Form that is postmarked, faxed, or electronically via **[website]** within 90 days after this Notice was sent (on or before _____, 2019) to be eligible to receive a settlement check. If the records show you were a class member who received a fax on March 20, 2006, you cannot submit a claim now but will receive a share of a recovery against Hartford. If you have questions about which group you are in, please contact the

Settlement Administrator at [!!! Contact info] or Class Counsel, whose contact information is below.

**2.**   **Do nothing:** If the Court approves the settlement, you will be bound by it and the final judgment, and release your claims against Defendants. If you are a class member who received a fax on March 30, 2006 and do not submit a claim, you will not receive a payment. If you are a class member who received a fax on March 20, 2006, you will remain part of the class and will share in a recovery from Hartford.

**3.**   **Opt out of the settlement:** You have the right to exclude yourself from the class action and the settlement by mailing a written request for exclusion. Your request must be postmarked on or before _____, 2019, and it must list your name, fax number, street address, and the name and number of this case, and it must state that you wish to be excluded (for example, "Exclude me from the Top Flite Settlement."). Mail your exclusion request to Class Counsel at the address below. Class Counsel will then notify the Court of your request and provide Defendants attorneys a copy of the request for exclusion.

| For Class Counsel: | Defendant's Attorney: |
|---|---|
| Phillip A. Bock | C. Thomas Ludden |
| Bock & Hatch, LLC | Lipson Neilson, P.C. |
| Attn.: Top Flite Settlement | 3910 Telegraph Road, Suite 200 |
| 134 N. La Salle St., Ste. 1000 | Bloomfield Hills, Michigan 48302 |
| Chicago, IL 60602 | |

**4.**   **Object to the settlement:** If you wish to object to the settlement rather than excluding yourself, you must file a written objection with the Civil Clerk's Office, United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226. Your objection must be postmarked by _____, 2019, and must refer to the name and number of this case (*Bridging Communities, Inc. v. Top Flite Financial, Inc.,* Case No. 09-CV-14971). You must also serve copies of your objection on Class Counsel and Defendants' attorneys (at the addresses above), postmarked by the same date. Your objection must include your name, fax number, street address, all attorneys who assisted you in the preparation and filing of your objection, a list of all other class action cases in which you or your counsel have filed objections to settlements, and a statement of the reasons why you believe the Court should find that the proposed settlement is not fair, reasonable, and adequate. It is not enough to state only that you object; you must state the reasons why you believe the settlement should not be approved. Additionally, you must appear at the final fairness hearing to articulate your position why the settlement should not be approved.

## D.   **WILL THE COURT APPROVE THE SETTLEMENT?**

The Court will hold a final fairness hearing to decide whether to approve the settlement on _____, 2019, at _____ a.m./p.m., in Room _____ in the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226. At that hearing, the Court will hear any timely and properly-filed objections and arguments about the settlement. The hearing may be continued to a future date without further notice. You are not required to attend unless you have filed a timely objection.

**E.    WHO REPRESENTS THE SETTLEMENT CLASS IN THIS LITIGATION?**

Plaintiffs Bridging Communities, Inc. and Gamble Plumbing & Heating, Inc. are the class representative. The Court appointed Plaintiffs' attorneys as Class Counsel: Phillip A. Bock of Bock & Hatch, LLC, Brian J. Wanca of Anderson + Wanca and Jason J. Thompson of Sommers Schwartz, P.C. The attorneys have litigated this matter on a contingency basis. As part of the settlement, Class Counsel will request that the Court award Plaintiff Bridging Communities an incentive award of $7,500 and Plaintiff Gamble Plumbing & Heating an incentive award of $5,000 for serving as the class representatives, with the right to seek an additional incentive award from a recovery against Hartford. Class Counsel will also ask the Court to award Class Counsel attorney's fees equal to one-third of the Settlement Fund ($85,666.67) plus one-third of any future recovery against Hartford for their legal services, plus expenses up to $38,333.33 also from the Settlement Fund.  You will not have to pay any money to Class Counsel. You may enter an appearance through an attorney to be paid at your own cost if you desire.

**F.    INQUIRIES:**

If you have specific questions, you can write to Class Counsel at one of the addresses listed above. Include the case number, your name, your fax number, and your current street address on any correspondence. You may also call attorney Phillip A. Bock, one of the lawyers for the Class, at 312-658-5501.

Please do not contact the Clerk of the Court, the Judge, or the Judge's staff, because they cannot answer your questions or give you advice about this settlement.

**BY ORDER OF THE COURT**
**HONORABLE AVERN COHN**

## PROOF OF CLAIM
## Bridging Communities and Gamble Plumbing & Heating v. Top Flite Financial, Inc., class action settlement in Case No. 09-cv-14971

**Fax Number: <populated by administrator.**

*You do not need to possess any fax advertising the goods or services of Top Flite Financial, Inc., but you must complete **THREE** steps to claim a share of the Settlement Fund:*

1.   **You must provide your contact information.**

Company: _____

Your Name and Title: _____

Address: _____

City/State/Zip Code: _____

Contact Number: _____

E-Mail: _____

Fax Numbers (list ALL numbers): _____

2.   **You must verify ownership or use of the fax number(s) listed above by signing below.**

"One or more of the following things is true: (1) each fax number listed above was mine or my company's on March 30, 2006; (2) each fax number listed above was a fax number at which I could have sent or received faxes on March 30, 2006; or (3) each fax number listed above was a fax number at which my company could have sent or received faxes on March 30, 2006."

_____
(Sign your name here)

3.   **You must return this claim form by [90 days]_____, 2019.**

(a)   Fax this Claim Form to: [CLAIMS ADMINISTRATOR]

***OR***

(b)   Mail this Claim Form to: [CLAIMS ADMINISTRATOR]

# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| BRIDGING COMMUNITIES, INC. | ) | |
| and GAMBLE PLUMBING & | ) | |
| HEATING, INC., individually and as | ) | |
| the representatives of a class of | ) | |
| similarly situated persons, | ) | No. 09-CV-14971 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOP FLITE FINANCIAL, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## FINAL APPROVAL ORDER

The matter coming before the Court on the request for final approval of the class action settlement by plaintiffs, Bridging Communities, Inc. and Gamble Plumbing & Heating, Inc. ("Plaintiffs"), and defendant Top Flite Financial, Inc. ("Defendant"), due notice given, the parties appearing through counsel, and the Court being fully advised in the premises, **IT IS HEREBY ORDERED**:

1.     This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement, in the best interests of the Settlement Class, and in light of the factual, legal, practical and procedural considerations raised by this case.

3.     The Settlement Class is defined as follows: "All persons who owned or used a fax machine to which a facsimile transmission was successfully sent in March 2006 referencing 'Top Flite Financial' and offering '0 Down, 0 Closing Costs' for 'Mortgages' on 'Purchases / ReFinancing,' and identifying (718) 360-0971 as a 'Remove Hotline' telephone number." Excluded from the Settlement Class are Top Flite Financial, Inc., any of its parents, subsidiaries, affiliates or controlled persons, and its officers, directors, partners, members, agents, servants, and employees of any kind, the immediate family members of such persons, and the Court and its employees and staff.

4.     Upon the Declaration of _____, the Court finds that the notice provided to the Settlement Class Members was the best notice practicable under the circumstances and it satisfied the requirements of due process and Federal Rule 23(e)(1).

5.     Upon the Affidavit of _____, the Court finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

6.     ____ objections were received.  All objections are overruled.

7.     The following persons validly requested exclusion from the Settlement Class and the settlement: _____.

8.     After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of

2

proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this Settlement Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including the Class Members. Each Class Member (including any person or entity claiming by or through him, her or it, but except those persons identified above who have previously excluded themselves from the Settlement Class) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement, if applicable to them.

9.     The Court hereby finds that the Agreement is the result of good faith, arm's-length negotiations by the parties thereto, and that it will further the interests of justice. The Settlement Agreement is hereby incorporated into and adopted as part of this Order.

10.     Additionally, based upon the evidence in the record and statements made in open court, the Court finds as follows:

(a)     Plaintiffs alleged that the faxes at issue violated the TCPA because they were sent without the prior express invitation or permission of the recipients;

(b)     Extensive discovery and significant litigation and appeals have been incurred by the parties over the faxes;

(c)     The settlement was made by Defendant in reasonable anticipation of potential liability that would arise from a finding that Defendant sent thousands of fax advertisements that violated the TCPA;

(d)     The settlement amount is fair and reasonable because it is within the range of statutory liquidated damages that could be awarded against Defendant for the claims made by Plaintiffs and the Class;

(e)     The settlement was entered into in good faith following arm's-length negotiations;

(f)     5,971 facsimiles referencing 'Top Flite Financial' offering '0 Down, 0 Closing Costs' for 'Mortgages' on 'Purchases / ReFinancing,' and identifying (718) 360-0971 as a 'Remove Hotline' telephone number were sent on March 20, 2006, of which 3,757 were successfully sent;

(g)     2,212 facsimiles referencing 'Top Flite Financial' offering '0 Down, 0 Closing Costs' for 'Mortgages' on 'Purchases / ReFinancing,' and identifying (718) 360-0971 as a 'Remove Hotline' telephone number were sent on March 20, 2006, of which 514 were successfully sent;

(h)     Defendant had no intent to injure anyone in this case including the recipients of the fax advertisements sent on March 20, 2006 and March 30, 2006; and

(i)     Defendant's decision to settle is prudent, taking into account the totality of circumstances.

11.     The Court enters judgment against Defendant in favor of the Settlement Class in the total amount of $2,135,500, calculated as $500.00 for each of the 4,271 successful fax transmissions identified in the Report of Robert Biggerstaff, allocated as follows: (1) $1,878,500 for the 3,757 faxes successfully sent on March 20, 2006, and (2) $257,000.00 for the 514 faxes successfully sent on March 30, 2006.

12.     Defendant has created a settlement fund (the "Settlement Fund") of $257,000.00 in satisfaction of the portion of the judgment allocated to the March 30, 2006 faxes. The Settlement Fund shall be used to pay valid non-duplicative class member claims, class action settlement administration costs, attorney's fees, costs,

and expenses, and an incentive award to Plaintiffs as determined and awarded by this Court. Unclaimed monies in the Settlement Fund shall revert to Defendant.

13.     As agreed in and subject to the Settlement Agreement, each member of the Settlement Class who received one or more faxes on March 30, 2006, according to the records in the case, and who submits a timely and valid non-duplicative Claim Form will be mailed a check not to exceed $500 for each fax they were sent from the Settlement Fund. The Settlement Administrator shall advise counsel for Plaintiffs and Defendant of the total amount for the valid non-duplicative claims. Defendant will release that amount to the Settlement Administrator from the Settlement Funds and the Settlement Administrator will cause those checks to be mailed after receiving the Settlement Funds. Checks issued to the claiming Settlement Class members will be void 181 days after issuance, and any balance will revert to Defendant. The Settlement Administrator shall issue the check made out to Defendant for the total amount of void checks within 21 business days of the expiration of the 181 day period.

14.     As agreed between the parties, the Court approves Class Counsel's request for attorneys' fees in the total amount of $85,666.67 plus out-of-pocket expenses in the amount of $38,333.33. Those amounts shall be paid from the Settlement Fund when the Final Judgment and Order becomes final as those terms are defined in the Settlement Agreement. Class Counsel may recover additional attorney's fees of one-third of any future recovery on the remaining portion of the Judgment plus expenses not compensated from the Settlement Fund.

15.     As agreed between the parties, the Court approves a $7,500 incentive award to Bridging Communities, Inc. and $5,000 to Gamble Plumbing & Heating,

Inc. for serving as the Class Representatives. In accordance with the Settlement Agreement, those amounts shall be paid from the Settlement Fund when the Final Judgment and Order become final as those terms are defined in the Settlement Agreement. Plaintiffs may apply for additional incentive awards should further litigation result in collection of the remaining portion of the Judgment.

16.     The remaining portion of the Judgment allocated to the March 20, 2006 faxes shall be satisfied only through the proceeds of Defendant's insurance policies. Each Settlement Class member who received a fax on March 20, 2006 according to the records in the case who does not exclude himself will be sent a *pro rata* share of the amount recovered on this portion of the Judgment, after the deductions approved herein. Such payments will be made by checks void 181 days after issuance. Any funds received from Defendant's insurer(s) remaining after payment of all class administration costs, the incentive awards to Plaintiffs, the attorney's fees and costs to Plaintiffs' attorneys, and all payments to the Settlement Class members, shall be paid as a *cy pres* award to a charity or charities approved by this Court at the request of Plaintiffs' attorneys

17.     The Court expressly adopts and incorporates herein all the terms of the Settlement Agreement. The Parties shall carry out their respective obligations under that Agreement.

18.     On entry of this Final Order, Plaintiffs and any Settlement Class member who did not opt out will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, intervening in, participating in as class members or

6

otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendant and/or any of its parents, subsidiaries, divisions, affiliates, officers, directors, shareholders, partners, members, agents, servants and employees (but not Hartford) of any kind, in any jurisdiction based on or relating in any way whatsoever to the claims and causes of action, or the facts or circumstances relating thereto, in or underlying the Action or the settled claims as defined in the Agreement; and all persons shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Defendant or its parents, subsidiaries, divisions, affiliates, officers, directors, shareholders, agents, servants, partners, members, and employees of any kind (but not Hartford) (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class Members who have not timely excluded themselves from the Settlement Class if such other lawsuit is based on or related to the claims and causes of action or the facts and circumstances relating thereto, in this Action or the settled claims.

19.    Plaintiffs and each Settlement Class Member, and their heirs, executors, administrators, representatives, agents, successors and assigns, and any and all other Persons claiming through or by virtue of them, have covenanted with Defendant and its officers, directors, shareholders and employees not to execute on the Judgment against Defendant, or any of its past or present officers, stockholders, directors, employees of any kind, partners, members, agents, servants, parents, affiliates, subsidiaries or divisions, or any other successors, assigns or legal

representatives thereof, but rather have agreed to pursue collection of the portion of the Judgment allocated to the March 20, 2006 faxes solely against Defendant's insurance policies and Defendant's insurer only. This provision does not release the judgment against Defendant to be entered herein, or the right to enforce the judgment in favor of the Plaintiffs and the Settlement Class against Defendant's insurer only.

20.     All claims or causes of action of any kind by any Settlement Class member who received a March 30, 2006 fax or anyone claiming by or through him, her or it brought in this Court or any other forum (other than those by persons who have opted out of this action) are barred pursuant to the Releases set forth in the Settlement Agreement.  All persons and entities are enjoined from asserting any claims that are being settled or released herein, either directly or indirectly, against Defendant or its Insurer, in this Court or any other court or forum.

21.     The terms of the Agreement and of this Order and the accompanying Final Judgment shall be forever binding on Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve settled Claims.

22.     If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated or modified in any material or substantive

respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be void and be deemed vacated.

23.     The Court retains jurisdiction for 180 days over this action, Plaintiffs and all members of the Settlement Class, and Defendant, to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation or enforcement.  The Court further retains jurisdiction to enforce this Order.

24.     The Court finds that there is no just reason to delay the enforcement of this Final Approval Order and Judgment.

25.     Post-judgment interest shall accrue on the unpaid portion of the Judgment amount attributable to the March 20, 2006 faxes from the date of entry of this Judgment Order.

BY ORDER OF THE COURT

Dated:  _____          _____
                                Honorable Judge Avern Cohn