UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIDGING COMMUNITIES, INC.,
And GAMBLE PLUMBING &
HEATING INC., individually and as Case No. 09-14971
similarly situated persons,
   Plaintiffs,

v.

TOP FLITE FINANCIAL, INC., HON. AVERN COHN
   Defendant.
_____/

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

  This matter is before the Court on the parties' Agreed Motion for Preliminary Approval of Class Action Settlement and Notice to the Class (the "Joint Motion"). After review and consideration of the Settlement Agreement, and after hearing statements of the parties' attorneys on February 05, 2019, and having been fully advised in the premises, IT IS ORDERED:

  1. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in light of the factual, legal, practical, and procedural considerations raised by this case, the settlement of this action, as embodied in the terms of the Settlement Agreement attached to the Joint Motion, is preliminarily approved as a fair, reasonable, and adequate settlement of the case in the best interests of the Settlement Class. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is preliminarily adopted as an Order of the Court.

2. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, by stipulation of the parties, and for the purpose of settlement, the Court certifies the following class (Settlement Class):

> All persons who owned or used a fax machine to which a facsimile transmission was successfully sent in March 2006 referencing 'Top Flite Financial' and offering '0 Down, 0 Closing Costs' for 'Mortgages' on 'Purchases / ReFinancing,' and identifying (718) 360-0971 as a 'Remove Hotline' telephone number.

Excluded from the class are Top Flite Financial, Inc., any of its parents, subsidiaries, affiliates or controlled persons, and its officers, directors, partners, members, agents, servants, and employees of any kind, the immediate family members of such persons, and the Court and its employees and staff.

3. The Court finds that certification for purposes of settlement is appropriate because: (a) the class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class and they predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff and its attorneys will fairly and adequately protect the interests of the class; and (e) a class action is the superior means of resolving this controversy.

4. The Court appoints Bridging Communities, Inc. and Gamble Plumbing & Heating, Inc. as the representatives of the Settlement Class pursuant to Rule 23(a), and appoints attorneys Jason J. Thompson of Sommers Schwartz, P.C., Phillip A. Bock of Bock & Hatch, LLC, and Brian J. Wanca of Anderson + Wanca as class counsel pursuant to Rule 23(g).

5. The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23(e)(1) of the Federal Rules of Civil Procedure. The plan is approved and adopted. This Court further finds that the Class Notice (attached to the Settlement Agreement as Exhibit 2), and the Claim Form included as part of the Class Notice, comply with Rule 23(e)(1) of the Federal Rules of Civil Procedure, are appropriate as part of the notice plan, and are approved and adopted. The Court orders that the parties notify the Class as proposed.

6. The Court appoints "ClassSettlment.com" as the Settlement Administrator. The Settlement Administrator will issue and administer the Class Notice, assist the class members in completing Claim Forms, receive the Claim Forms by facsimile, by U.S. mail, and electronically through the settlement website, track and provide notice to the Parties for any individual or entity opting out of the Settlement Class, and provide a list to counsel for the parties of approved and rejected claims and the total to be paid to each claimant.

The Settlement Administrator shall send the Class Notice by facsimile to each of the telephone fax numbers, and by U.S. Mail to each of the names and addresses (after updating with the National Change of Address Database), identified in the exhibit to the Declaration of Robert Biggerstaff filed October 15, 2012 (Doc. 47-4). The Class Notice and Claim Form shall also be made available on the claim administrator's website. The Court finds and orders that no other notice is necessary.

6. The Court sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the following deadlines and dates in the Class Notice:

(a) Defendants shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than February 20, 2019;

(b) A request by any class member to opt out of the settlement must be submitted on or before April 20, 2019, or be forever barred;

(c) Objections and motions to intervene (including supporting memoranda) shall be filed with the Court and postmarked and served on class counsel and Defendant's counsel on or before April 20, 2019, or be forever barred; and

(d) The Fairness Hearing, identified in the Class Notice, is scheduled for May 21, 2019, at 11:00 a.m. in Room 218.

SO ORDERED

                                         _s/Avern Cohn_
                                         AVERN COHN
                                         UNITED STATES DISTRICT JUDGE

Dated: 2/5/2019
Detroit, Michigan