IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BRIDGING COMMUNITIES, INC. ) <br> and GAMBLE PLUMBING & ) <br> HEATING, INC., individually and as ) <br> the representatives of a class of ) <br> similarly situated persons, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TOP FLITE FINANCIAL, INC. ) <br> ) <br> Defendant. ) | No. 09-CV-14971 |

## FINAL APPROVAL ORDER

The matter coming before the Court on the request for final approval of the class action settlement by plaintiffs, Bridging Communities, Inc. and Gamble Plumbing & Heating, Inc. ("Plaintiffs"), and defendant Top Flite Financial, Inc. ("Defendant"), due notice given, the parties appearing through counsel, and the Court being fully advised in the premises, **IT IS HEREBY ORDERED**:

1.  This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable, and adequate settlement, in the best interests of the Settlement Class, and in light of the factual, legal, practical and procedural considerations raised by this case.

3. The Settlement Class is defined as follows: "All persons who owned or used a fax machine to which a facsimile transmission was successfully sent in March 2006 referencing 'Top Flite Financial' and offering '0 Down, 0 Closing Costs' for 'Mortgages' on 'Purchases / ReFinancing,' and identifying (718) 360-0971 as a 'Remove Hotline' telephone number." Excluded from the Settlement Class are Top Flite Financial, Inc., any of its parents, subsidiaries, affiliates or controlled persons, and its officers, directors, partners, members, agents, servants, and employees of any kind, the immediate family members of such persons, and the Court and its employees and staff.

4. Upon the Declaration of Dorothy Sue Merryman, the Court finds that the notice provided to the Settlement Class Members was the best notice practicable under the circumstances and it satisfied the requirements of due process and Federal Rule 23(e)(1).

5. Upon the Affidavit of C. Thomas Ludden, the Court finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

6. No objections were received.

7. No persons validly requested exclusion from the Settlement Class and the settlement.

8. After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of

proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this Settlement Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including the Class Members. Each Class Member (including any person or entity claiming by or through him, her or it, but except those persons identified above who have previously excluded themselves from the Settlement Class) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement, if applicable to them.

9. The Court hereby finds that the Agreement is the result of good faith, arm's-length negotiations by the parties thereto, and that it will further the interests of justice. The Settlement Agreement is hereby incorporated into and adopted as part of this Order.

10. Additionally, based upon the evidence in the record and statements made in open court, the Court finds as follows:

(a) Plaintiffs alleged that the faxes at issue violated the TCPA because they were sent without the prior express invitation or permission of the recipients;

(b) Extensive discovery and significant litigation and appeals have been incurred by the parties over the faxes;

(c) The settlement was made by Defendant in reasonable anticipation of potential liability that would arise from a finding that Defendant sent thousands of fax advertisements that violated the TCPA;

(d) The settlement amount is fair and reasonable because it is within the range of statutory liquidated damages that could be awarded against Defendant for the claims made by Plaintiffs and the Class;

(e) The settlement was entered into in good faith following arm's-length negotiations;

(f) 5,971 facsimiles referencing 'Top Flite Financial' offering '0 Down, 0 Closing Costs' for 'Mortgages' on 'Purchases / ReFinancing,' and identifying (718) 360-0971 as a 'Remove Hotline' telephone number were sent on March 20, 2006, of which 3,757 were successfully sent;

(g) 2,212 facsimiles referencing 'Top Flite Financial' offering '0 Down, 0 Closing Costs' for 'Mortgages' on 'Purchases / ReFinancing,' and identifying (718) 360-0971 as a 'Remove Hotline' telephone number were sent on March 20, 2006, of which 514 were successfully sent;

(h) Defendant had no intent to injure anyone in this case including the recipients of the fax advertisements sent on March 20, 2006 and March 30, 2006; and

(i) Defendant's decision to settle is prudent, taking into account the totality of circumstances.

11. The Court enters judgment against Defendant in favor of the Settlement Class in the total amount of $2,135,500, calculated as $500.00 for each of the 4,271 successful fax transmissions identified in the Report of Robert Biggerstaff, allocated as follows: (1) $1,878,500 for the 3,757 faxes successfully sent on March 20, 2006, and (2) $257,000.00 for the 514 faxes successfully sent on March 30, 2006.

12. Defendant has created a settlement fund (the "Settlement Fund") of $257,000.00 in satisfaction of the portion of the judgment allocated to the March 30, 2006 faxes. The Settlement Fund shall be used to pay valid non-duplicative class member claims, class action settlement administration costs, attorney's fees, costs,

and expenses, and an incentive award to Plaintiffs as determined and awarded by this Court. Unclaimed monies in the Settlement Fund shall revert to Defendant.

13. As agreed in and subject to the Settlement Agreement, each member of the Settlement Class who received one or more faxes on March 30, 2006, according to the records in the case, and who submits a timely and valid non-duplicative Claim Form will be mailed a check not to exceed $500 for each fax they were sent from the Settlement Fund. The Settlement Administrator shall advise counsel for Plaintiffs and Defendant of the total amount for the valid non-duplicative claims. Defendant will release that amount to the Settlement Administrator from the Settlement Funds and the Settlement Administrator will cause those checks to be mailed after receiving the Settlement Funds. Checks issued to the claiming Settlement Class members will be void 181 days after issuance, and any balance will revert to Defendant. The Settlement Administrator shall issue the check made out to Defendant for the total amount of void checks within 21 business days of the expiration of the 181 day period.

14. As agreed between the parties, the Court approves Class Counsel's request for attorneys' fees in the total amount of $85,666.67 plus out-of-pocket expenses in the amount of $38,333.33. Those amounts shall be paid from the Settlement Fund when the Final Judgment and Order becomes final as those terms are defined in the Settlement Agreement. Class Counsel may recover additional attorney's fees of one-third of any future recovery on the remaining portion of the Judgment plus expenses not compensated from the Settlement Fund.

15. As agreed between the parties, the Court approves a $7,500 incentive award to Bridging Communities, Inc. and $5,000 to Gamble Plumbing & Heating,

Inc. for serving as the Class Representatives. In accordance with the Settlement Agreement, those amounts shall be paid from the Settlement Fund when the Final Judgment and Order become final as those terms are defined in the Settlement Agreement. Plaintiffs may apply for additional incentive awards should further litigation result in collection of the remaining portion of the Judgment.

16. The remaining portion of the Judgment allocated to the March 20, 2006 faxes shall be satisfied only through the proceeds of Defendant's insurance policies. Each Settlement Class member who received a fax on March 20, 2006 according to the records in the case who does not exclude himself will be sent a *pro rata* share of the amount recovered on this portion of the Judgment, after the deductions approved herein. Such payments will be made by checks void 181 days after issuance. Any funds received from Defendant's insurer(s) remaining after payment of all class administration costs, the incentive awards to Plaintiffs, the attorney's fees and costs to Plaintiffs' attorneys, and all payments to the Settlement Class members, shall be paid as a *cy pres* award to a charity or charities approved by this Court at the request of Plaintiffs' attorneys

17. The Court expressly adopts and incorporates herein all the terms of the Settlement Agreement. The Parties shall carry out their respective obligations under that Agreement.

18. On entry of this Final Order, Plaintiffs and any Settlement Class member who did not opt out will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, intervening in, participating in as class members or

otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendant and/or any of its parents, subsidiaries, divisions, affiliates, officers, directors, shareholders, partners, members, agents, servants and employees (but not Hartford) of any kind, in any jurisdiction based on or relating in any way whatsoever to the claims and causes of action, or the facts or circumstances relating thereto, in or underlying the Action or the settled claims as defined in the Agreement; and all persons shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Defendant or its parents, subsidiaries, divisions, affiliates, officers, directors, shareholders, agents, servants, partners, members, and employees of any kind (but not Hartford) (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class Members who have not timely excluded themselves from the Settlement Class if such other lawsuit is based on or related to the claims and causes of action or the facts and circumstances relating thereto, in this Action or the settled claims.

19.    Plaintiffs and each Settlement Class Member, and their heirs, executors, administrators, representatives, agents, successors and assigns, and any and all other Persons claiming through or by virtue of them, have covenanted with Defendant and its officers, directors, shareholders and employees not to execute on the Judgment against Defendant, or any of its past or present officers, stockholders, directors, employees of any kind, partners, members, agents, servants, parents, affiliates, subsidiaries or divisions, or any other successors, assigns or legal

representatives thereof, but rather have agreed to pursue collection of the portion of the Judgment allocated to the March 20, 2006 faxes solely against Defendant's insurance policies and Defendant's insurer only. This provision does not release the judgment against Defendant to be entered herein, or the right to enforce the judgment in favor of the Plaintiffs and the Settlement Class against Defendant's insurer only.

20.   All claims or causes of action of any kind by any Settlement Class member who received a March 30, 2006 fax or anyone claiming by or through him, her or it brought in this Court or any other forum (other than those by persons who have opted out of this action) are barred pursuant to the Releases set forth in the Settlement Agreement.  All persons and entities are enjoined from asserting any claims that are being settled or released herein, either directly or indirectly, against Defendant or its Insurer, in this Court or any other court or forum.

21.   The terms of the Agreement and of this Order and the accompanying Final Judgment shall be forever binding on Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve settled Claims.

22.   If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated or modified in any material or substantive

respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be void and be deemed vacated.

23. The Court retains jurisdiction for 180 days over this action, Plaintiffs and all members of the Settlement Class, and Defendant, to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation or enforcement. The Court further retains jurisdiction to enforce this Order.

24. The Court finds that there is no just reason to delay the enforcement of this Final Approval Order and Judgment.

25. Post-judgment interest shall accrue on the unpaid portion of the Judgment amount attributable to the March 20, 2006 faxes from the date of entry of this Judgment Order.

BY ORDER OF THE COURT

Dated: 5/22/2019                    s/Avern Cohn
                                    Honorable Judge Avern Cohn